## In re REZULIN PRODUCTS LIABILITY LITIGATION.

**MDL No. 1348.**
**No. 00 Civ. 2843(LAK).**

United States District Court,
S.D. New York.

Sept. 28, 2004.

---

115. Stoecker Decl. ¶¶ 11–12.

116. *See* 4/23/04 Declaration of Karl Stoecker ¶¶ 3–4.

Melvyn I. Weiss, Regina LaPolla, Milberg, Weiss, Bershad, Hynes & Lerach LLP, New York City, Arnold Levin, Fred Longer, Levin, Fishbein, Sedran & Berman, Pennsylvania, PA, Charles A. Mathis, Jr., Mathis & Adams, PC, Atlanta, GA, Herman, Mathis Casey, Kitchens & Gerel LLP, Atlanta, GA, Ramon Rossi Lopez, Lopez, Hodes, Restaino, Milman, Skikos, for Plaintiffs.

David Klingsberg, Maris Veidemanis, Robert Grass, Kaye Scholer LLP, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiffs originally sought certification of two classes: a nationwide class under Fed.R.Civ.P. 23(b)(3) of all persons who ingested Rezulin and their spouses and a subclass under Fed.R.Civ.P. 23(b)(2) of asymptomatic Rezulin users who have not manifested physical injury and on behalf of which they sought medical monitoring. The Court denied certification in a prior opinion, familiarity with which is assumed *("Rezulin I")*.[1] The critical points, however, may be summarized briefly.

First, the Court denied certification of the proposed (b)(3) class on the ground that individual questions predominated. The individual questions included, but were not limited to, whether individual class members were injured or subjected to enhanced risk of injury by their ingestion of Rezulin; the circumstances, duration and dosage of Rezulin ingestion of individual class members; and the likelihood that the Court would be obliged to apply the varying law of many states in determining whether plaintiffs were misled by defendants.

Second, the Court declined to certify the proposed (b)(2) subclass for a number of reasons. These included its conclusions that plaintiffs had not sustained their burden of demonstrating that the medical monitoring relief sought on behalf of the subclass predominates over the damage claims as required by *Robinson v. Metro–North Commuter R.R. Co.*,[2] its view that a medical monitoring class action would be neither sufficiently manageable nor efficient in view of the need to apply the laws of all fifty states to the claims, the impossibility of determining in any practical way whether individuals were members of the proposed subclass (i.e., whether a given individual was asymptomatic or had manifested physical injury), and that the proposed subclass lacked the requisite cohesiveness for a variety of reasons.

Plaintiffs now move, pursuant to Local Civil Rule 6.3 and Fed.R.Civ.P. 54, for reconsideration. They challenge the denial of certification for the subclass, arguing that (1) the Court misapprehended *Robinson v. Metro–North Commuter Railroad Co.*[3] in denying certification of the Rule 23(b)(2) medical monitoring subclass, and (2) state law variations do not render the proposed 23(b)(2) class unmanageable. Plaintiffs do not challenge the denial of certification of the proposed nationwide Rule 23(b)(3) class, consisting of "all persons who ingested" Rezulin.[4]

It is important at the outset to recognize that plaintiffs' current position is markedly different from the position they took in seeking class certification. For one thing, they no longer seek a nationwide medical monitoring subclass. Rather, they now propose to exclude class members from certain states and to divide what originally was proposed as a single subclass into six subclasses, each for a different theory of liability.[5] Further, the motion for reconsideration rests principally on a *five hundred page affidavit,* which purports to contain a detailed analysis of the law of each of the fifty states. As will appear, plaintiffs offered neither the affidavit nor any significant discussion of the substance or var-

1. *In re Rezulin Prods. Liab. Litig.,* 210 F.R.D. 61 (S.D.N.Y.2002).

2. 267 F.3d 147 (2d Cir.2001).

3. 267 F.3d 147 (2d Cir.2001).

4. *See id.*

5. Plaintiffs' Memorandum in Support of Reconsideration ("Pl. Mem.") at 2, 21.

iation of state law in litigating the class certification motion previously.

## I. The Procedural Framework

### A. Local Rule 6.3

"[M]otions for reconsideration are intended to bring to the Court's attention matters that it overlooked, not to 'examin[e] a decision and then plug[ ] the gaps of a lost motion with additional matters.' Indeed, as Chief Judge Mukasey ... wrote, a party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." [6]

Plaintiffs' motion for reconsideration is governed by Local Civil Rule 6.3, which provides in pertinent part:

"A notice of motion for reconsideration or reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.... *No affidavits shall be filed by any party unless directed by the court.*" [7]

The rule aims to achieve the underlying purpose of enhancing the Court's ability to "ensure the finality of decisions." [8] Accordingly, relief is available under Local Civil Rule 6.3 only if the movant demonstrates that the "Court overlooked controlling decisions or

factual matters that were put before the Court on the underlying motion." [9] Such a motion "may not advance new facts, issues or arguments not previously presented to the court." [10]

### B. Fed.R.Civ.P. 54(b)

Plaintiffs rely also on Rule 54(b), which states in relevant part that:

"[A]ny order or other form of decision ... which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The clause making interlocutory orders "subject to revision" confirms the Court's necessary power to correct itself. But the fact that a court may revise a prior order does not give a litigant the right to require that it do so, particularly where the litigant seeks revision in light of materials that should have been submitted earlier.[11]

Rule 54(b) motions are subject to the law of the case doctrine. Accordingly, the Court need not reconsider prior adjudications unless doing so would be consistent with the objectives of the doctrine [12] which include promoting efficiency and avoiding endless litigation by allowing "each stage of the litigation [to] build on the last and not afford an opportunity to reargue every previ-

---

6. *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130–31 (S.D.N.Y.2000) (citing *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan.18, 2000)).

7. S.D.N.Y. CIV. R. 6.3 (emphasis added).

8. *de los Santos v. Fingerson*, 97 Civ. 3972(MBM), 1998 WL 788781, at *8, 1998 U.S. Dist. LEXIS 17735, at *3 (S.D.N.Y. Nov. 10, 1998) (citing *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988)).

9. *Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 Civ. 6441(LAK), 2003 WL 22127011, at *1 (S.D.N.Y. Sept.15, 2003) (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 163 F.R.D. 211, 213 (S.D.N.Y.1995), *rev'd on other grounds*, 92 F.3d 57 (2d Cir.1996)).

10. *Id.* at *1 (citing *In re Integrated Resources Real Estate Ltd. P'ship Sec. Litig.*, 850 F.Supp. 1105, 1151 (S.D.N.Y.1994)). *Accord In Re Laser Arms Corp. Sec. Litig.*, No. 86 Civ. 3591(JMC), 1990 U.S. Dist. LEXIS 349, at *3–4 (S.D.N.Y. Jan. 17, 1990) (citing *Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y.1989)); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86 Civ. 6447(JMC), 1989 WL 162315, at *4 (S.D.N.Y. Aug.4, 1989), *rev'd on other grounds*, 967 F.2d 742 (2d Cir.1992).

11. *See* 10 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 54.25[4] (3d ed.2000).

12. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992).

ous ruling."[13] Hence, a court will "generally adhere to [its] own earlier decision on a given issue in the same litigation"[14] and not depart from earlier rulings without good reason.[15] This provides the Court with discretion to revisit earlier rulings "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again'."[16] Accordingly, courts will consider revising earlier orders only when presented with "cogent or compelling reasons."[17] The moving party ordinarily must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[18]

When newly discovered evidence is the basis for reconsideration, "the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered."[19] The party moving for reconsideration based on the newly discovered evidence must show that (1) the proffered evidence was unavailable despite the exercise of due diligence by the movant in procuring evidentiary support, and (2) manifest injus-

tice will result if the court opts not to reconsider its earlier decision.[20]

## II. Rule 23(b)(2) Certification and Robinson

In declining to certify a Rule 23(b)(2) subclass, this Court did not misread or misapply *Robinson*, the controlling precedent in this Circuit with respect to whether certification of a (b)(2) class seeking equitable relief is appropriate notwithstanding the presence also of damage claims.

*Robinson* holds that certification of a (b)(2) class in such circumstances is appropriate if "(1) the positive weight or value [to the plaintiffs] of the injunctive or declaratory relief sought is predominant even though compensatory or punitive damages are also claimed, and (2) class treatment would be efficient and manageable, thereby achieving an appreciable measure of judicial economy."[21] In assessing whether the equitable relief is "predominant," the district court should ascertain that "(1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on

**13.** *Tri–Star Pictures, Inc. v. Leisure Time Prod., B.V.*, 88 Civ. 9127(DNE), 1992 WL 296314, at *2, 1992 U.S. Dist. LEXIS 15232, at *7–8 (S.D.N.Y. Oct. 6, 1992) (citing 1B James W. Moore, et al., Moore's Federal Practice ¶ 0.404[1] (2d ed.1988)).

**14.** *Tri–Star Pictures, Inc.*, 88 Civ. 9127(DNE), 1992 WL 296314, at *2, 1992 U.S. Dist. LEXIS 15232, at *7 (citing *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir.), *cert denied*, 493 U.S. 956, 110 S.Ct. 370, 107 L.Ed.2d 356 (1989) (citations omitted)). *Accord United States v. Uccio*, 940 F.2d 753, 758 (2d Cir.1991).

**15.** 10 James W. Moore, et al, Moore's Federal Practice ¶ 54.25[4] (3d ed.2000).

**16.** *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir.2003) (citing *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964)).

**17.** *Id.*, 1992 WL 296314, at *3, 1992 U.S. Dist. LEXIS 15232, at *8 (citing *Doe v. New York City Dep't Social Serv.*, 709 F.2d 782, 789 (2d Cir. 1983)).

**18.** *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255 (citing 18 C Wright, A. Miller & E. Cooper, Federal

Practice & Procedure: Jurisdiction 2d § 4478 (1st ed.1981)). *Accord Tri–Star Pictures, Inc.*, 88 Civ. 9127(DNE), 1992 WL 296314, at *2, 1992 U.S. Dist. LEXIS 15232, at *8 (citations omitted); *Richman v. W.L. Gore & Assocs., Inc.*, 988 F.Supp. 753, 755 (S.D.N.Y.1997).

**19.** *Tri–Star Pictures, Inc.*, 88 Civ. 9127(DNE), 1992 WL 296314, at *3, 1992 U.S. Dist. LEXIS 15232, at *8–9 ("The Court will not set aside a judgment because a frustrated litigant failed to present on a motion for summary judgment all facts known by or reasonably available to him.").

**20.** *Id.*, 1992 WL 296314, at *3, 1992 U.S. Dist. LEXIS 15232, at *9; *Strong & Fisher Ltd. et al. v. Maxima Leather, Inc. et al.*, 91 Civ. 1779(SAS), 1995 WL 293607, at *1, 1995 U.S. Dist. LEXIS 6404, at *3 (S.D.N.Y. May 9, 1995) (citing *Colonia Inc., A.G. v. D.B.G. Property Corp.*, 1993 U.S. Dist. LEXIS 3830 (S.D.N.Y.1993); *Morin v. Trupin*, 809 F.Supp. 1081 (S.D.N.Y.1993)).

**21.** *Rezulin I*, 210 F.R.D. at 72 (citing *Robinson*, 267 F.3d at 164 (citations omitted)).

the merits."[22] Even where these criteria are met, the plaintiff must satisfy Rule 23's other requirements.

Plaintiffs argue that the Court's application of *Robinson* was flawed in consequence of a "mistaken impression" that the proposed medical monitoring subclass included injured persons whereas plaintiffs sought certification of a subclass including only those who had not suffered physical injury.[23] They rely for this proposition principally on the following quotation from the opinion: "[The claim for medical monitoring] certainly is not predominant for those class members who have suffered physical injury."[24]

There might be something to plaintiffs' argument had they not taken the quoted language entirely out of context. The very next sentence of the opinion, however, specifically noted that "the subclass is defined to exclude such persons."[25] Thus, the Court did not, as plaintiffs claim, "overlook" the fact that the proposed subclass did not include persons who sustained no injury.

■ Plaintiffs next challenge the Court's conclusion with regard to the first requirement of *Robinson*, viz. that the value of the proposed injunctive remedy predominate over the claims for monetary relief. They contend that the Court erred because the value of relief to the class members must be examined from the viewpoint of the class members rather than the defendants.[26]

Contrary to plaintiffs' contention, the Court did not hold that "medical monitoring relief must cost more than the profits the defendant derived from the sale of Rezulin."[27] Rather, it held that plaintiffs had failed to establish, as *Robinson* required of them, that the equitable relief they sought on behalf of the subclass predominates over the subclass members' damage claims.[28] It discussed the relationship between company revenues and monitoring costs only parenthetically and only in pointing out that the record was silent as to the cost of the proposed monitoring program and as to "its value to individual class members."[29] Moreover, the Court went on to point out that plaintiffs had failed to demonstrate, as *Robinson* requires, either "that a reasonable plaintiff, based on a medical and economic calculus, would have sued solely for a medical monitoring program" or that a medical monitoring class action would be sufficiently manageable and efficient.[30]

Accordingly, insofar as plaintiffs seek reconsideration on the theory that the Court misapplied *Robinson*, the motion must be denied. They have failed to make any such demonstration.

## III. The Variation in State Law

■ Plaintiffs seek also to overturn the denial of certification of the medical monitoring subclass (and to certify a different group of subclasses) on the theory that the Court erred in concluding that the need to apply the varying laws of fifty states to the claims of individual subclass members undermined the case for certification. Even putting aside the fact that they now seek certification of something different than what they previously requested, the application is without merit.

To begin with, it was plaintiffs' burden on the initial motion for certification to demonstrate that this case could be managed, given

---

22. *Id.* at 72 (citing *Robinson*, 267 F.3d at 164).

23. Pl. Mem. at 18.

24. *Id.* at 18.

25. *Rezulin I*, 210 F.R.D. at 72.

26. Pl. Mem. Supp. Recon. at 19.

27. *Id.* at 19; Plaintiffs' Memorandum in Further Support of Reconsideration ("Pl. Reply Mem.") at 5.

28. *Rezulin I*, 210 F.R.D. at 72–73.

29. *Id.*

30. *Id.*

Plaintiffs fail also to address the Court's concern that no practical means, short of a physician's examination, exist to determine membership in the proposed subclass. *Id.* at 74. Nor do they address the Court's holding that the proposed subclass "does not have the requisite level of cohesion" because of the same "individual issues that defeat the predominance requirement of Rule 23(b)(3)." *Id.* at 67, 75. These individual factual issues will exist "regardless of whether the Court must apply the law of one jurisdiction or many." *Id.* at 67 n. 41.

the need to apply the differing laws of the states involved.[31] They had ample opportunity to do so.[32] They deliberately chose not to do so, choosing instead to argue—unsuccessfully—that there was no problem because the claims of all class members were governed by New Jersey law. Having lost that gamble, they now seek reconsideration, principally on the basis of a five hundred page affidavit which was not before the Court previously and which, therefore, could not possibly have been overlooked.

This is not a basis for a motion for reconsideration under Local Civil Rule 6.3. Even putting aside the rule's prohibition on affidavits in support of such motions, there simply is no excuse for allowing plaintiffs to have a second bite at the apple, let alone a bite that would swallow the entire orchard.

Nor are plaintiffs any better off under Civil Rule 54(b). Rule 54(b) motions may be denied where "relief is sought on a basis which a party inadvertently failed to raise earlier or the interests of justice otherwise so require."[33] *A fortiori*, they may be denied when, as here, a party *purposely* failed to litigate the issue of the significance of the variation among state laws on the initial certification motion.

The fact that plaintiffs, in the course of litigating the original certification motion, offered to address the state law variation issue if the Court rejected their contention that New Jersey law governed all alters nothing. Litigation of this magnitude places extraordinary burdens on the legal system. It would be inappropriate to permit litigants to take it upon themselves to litigate issues in whatever piecemeal fashion they wish, trying out one argument and then, if unsuccessful, starting all over again with a new one. This is particularly so in a case like this, where the implications of variation in state law was a central part of defendants' opposition to certification. Plaintiffs' obligation was to make their complete argument in support of class certification and then to abide the result.

At the end of the day, there must be strong reasons for the Court to reconsider its decision. In this circumstance, plaintiffs knew from the outset that the Court's decision would hinge, in part, on whether any variations in state law posed an obstacle to certification. Despite numerous opportunities to brief the issue, plaintiffs demurred. Thus, this case is distinguishable from *In re Diet Drugs Products Liability Litigation*,[34] in which the court already had determined that a class should be certified conditionally and permitted additional briefing on the issue of state law variations to allow it to "modify the class as required" because plaintiffs "have not had [an] opportunity to brief the issue . . ., nor has AHP fully addressed the issue."[35] Here, the Court declined to certify the class. Plaintiffs were not denied "[an] opportunity to brief the issue." Plaintiffs have advanced no persuasive basis for relitigating the class certification issue on the basis of arguments that they previously elected not to make.

In view of the foregoing, there is no need to address the merits of plaintiffs' new proposed classes and new arguments for certification, and the Court will not do so in a comprehensive way. Two observations, however, are quite obvious and suggest that, were the Court to grant reconsideration, it nevertheless would deny certification.

**31.** *Rezulin I*, 210 F.R.D. at 71 n. 59.

**32.** In their initial memorandum in support of class certification, plaintiffs argued that New Jersey law should govern this case but that, in the event the Court determined otherwise, plaintiffs were "prepared to show that state-by-state variations are not significantly different." Although defendants countered in their opposition memorandum and affidavit that variations in state laws would present obstacles to the certification of a medical monitoring subclass, plaintiffs failed to respond to these arguments in their reply memorandum.

**33.** *Charles Aini, I.C.E. Marketing Corp. v. Sun Taiyang Co., Ltd*, 174 F.R.D. 327, 329–30 (S.D.N.Y.1997) (citations omitted) (denying the motion, the court noted the movant "offered no explanation for its failure to raise this point at or during the trial").

**34.** No. Civ. A. 98–20626(LCB), 1999 WL 673066 (E.D.Pa.1999).

**35.** *Id.* at *17.

First, this Court did not deny certification solely on the basis of the need to apply the law of fifty states. The other bases for its decision at least arguably are independently sufficient to that conclusion.

Second, plaintiffs now are asking this Court, among other things, to (a) exclude altogether from the proposed subclasses Rezulin users who reside in five states, the law of which clearly forecloses the relief they seek,[36] and (b) determine, under *Erie R.R. Co. v. Tompkins,*[37] that each of the seventeen states that plaintiffs say have not determined the availability of medical monitoring relief would hold that such relief is available. Thus, even if the Court were to accept plaintiffs' quite debatable propositions that there are no material variations in the law regarding medical monitoring relief in the other twenty-nine states or the law governing liability on plaintiffs' state-based liability theories in the forty-five states, the problems of determining state law still would be quite appreciable and cut against certification.

## IV. Conclusion

For the foregoing reasons, plaintiffs' motions for reconsideration of class certification (00 No. Civ. 2843, docket item 704) and for leave to file an affidavit in support of its Rule 6.3 application (00 No. Civ. 2843, docket item 704) are denied in all respects.

SO ORDERED.

---

**36.** Pl. Mem. 4–5.

**37.** 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).