**Randall M. BLACK, Plaintiff,**

v.

**ANHEUSER–BUSCH IN BEV,**
**et al., Defendants.**

14 Civ. 2693

United States District Court,
S.D. New York.

Signed 11/16/2016

444

RANDALL M. BLACK, 310 W. 143 ST., APT. 3–C, New York, NY 10030, Pro se.

JACKSON LEWIS P.C., 666 Third Avenue, 29th Floor, By: John K. Bennett, Esq., Jennifer B. Courtian, Esq., Suzanne E. Peters, Esq., New York, NY 10017, Attorneys for Defendants.

## OPINION

Sweet, District Judge.

Defendant Anheuser–Busch Distributors of New York, Inc. ("Defendant" or "Anheuser–Busch"), named in the caption as "Anheuser–Busch In Bev", has moved pursuant to Fed. R. Civ. P. 56 for summary judgment to dismiss *pro se* Plaintiff Randall Black ("Black" or the "Plaintiff") of the remaining claim of breach of contract. Based upon the facts and conclusions set forth below, the Defendant's motion is granted and the complaint is dismissed.

## I. Prior Proceedings

On January 6, 2014, Plaintiff filed a complaint in the Supreme Court of the State of New York (the "Complaint"). Anheuser–Busch removed the action to this Court on April 16, 2014. In the Complaint, Plaintiff asserted claims of alleged sexual harassment, discrimination, retaliation, and hostile work environment against Anheuser–Busch.

The Complaint also asserted a claim against Defendant Angel Martinez ("Martinez"), a representative of his labor organization, Teamsters Local Union 812, for a breach of duty of fair representation. By order of June 9, 2014, Martinez's motion to dismiss was granted and the Court affirmed that dismissal in a January 30, 2015 Order determining that any such hybrid claim of violation of a labor contract by the employer under section 301 of the Labor–Management Relations Act, and breach of the duty of fair representation by the union, was time-barred pursuant to the applicable six-month limitations period for such claims.

On July 13, 2016, the Court granted Defendant's April 14, 2016 motion for summary judgment and dismissed the sexual harassment, discrimination, and retaliation claims contained in the Complaint.

On or about September 12, 2016, the Court granted Anheuser–Busch leave to file a separate motion for summary judgment on Plaintiff's breach-of-contract claim. The instant motion was marked fully submitted on November 3, 2016.

## II. The Facts

Pursuant to Local Civil Rule 56.1, the material facts relevant to this motion are

set forth in Defendant's Statement of Undisputed Material Facts (hereinafter "SUMF"). Black submitted an unsworn statement and memoranda. The facts are not in dispute except as set forth below.

Plaintiff was employed by Anheuser–Busch at its Bronx facility located at 550 Food Center Drive, Bronx, New York. SUMF ¶ 1. As a helper/driver, Plaintiff was a member of the Teamsters Local 812 Union (the "Union"). *Id.* ¶¶ 2, 3. The contract covering members of the Union is the collective bargaining agreement (the "CBA") between Anheuser–Busch and Soft Drink & Brewery Works Local Union 812, an affiliate of the International Brotherhood of Teamsters. *Id.* ¶ 4.

On June 12, 2012, Plaintiff took a leave of absence as a result of injuries he reportedly sustained while delivering products to a customer's premises. Id. ¶¶ 5–7. On March 11, 2013, Anheuser–Busch sent Plaintiff a letter confirming that Plaintiff had attended an independent medical examination ("IME") by Dr. Varriale. *Id.* ¶ 8. Following that IME, Anheuser–Busch offered Plaintiff a position in its Restricted Duty Program—where all tasks performed by Plaintiff would be tailored to fit his restriction of lifting no more than 30 pounds—and asked Plaintiff to respond to the offer by no later than March 28, 2013. *Id.* ¶¶ 9–10. Plaintiff never responded to Anheuser–Busch's offer to return to work on restricted duty and did not return to work at Anheuser–Busch after June 12, 2012. *Id.* ¶¶ 11–12.

Pursuant to Articles 5 and 29 of the CBA, there is a one-year limitation one leaves of absence, causing an employee to lose his seniority if he remains out of work for more than one year. *Id.* ¶ 13. On June 14, 2013, an Anheuser–Busch supervisor, Jesse Rivera ("Rivera"), called Plaintiff and told him that his one-year anniversary of being out of work on a leave had passed, and his employment was terminated. *Id.* ¶ 14. Plaintiff filed a grievance with the Union regarding the termination of his employment. *Id.* ¶ 15. In his grievance, Plaintiff states that on June 4, 2013, Rivera informed him that his one-year anniversary of being out of work on leave had passed, which caused his employment to be terminated. *Id.* ¶ 16.

When Plaintiff discussed his grievance with the Union, he sought certain remedies for a workplace harassment complaint against a Union-represented co-worker. *Id.* ¶ 17. Plaintiff took the position in the grievance concerning his termination that he would have declined the remedy of returning to work at Anheuser–Busch "due to Anheuser–Busch failed workplace sexual harassment policy and wrongful termination;" specifically, the fact that Anheuser–Busch "didn't update the suggestions that were brought up at the meeting, that change our two-year policy—workplace harassment policy to yearly and place harassment signs posted in the designated areas." *Id.* ¶ 18. The Union did not take Plaintiff's grievance concerning his termination to arbitration. *Id.* ¶ 19.

### III. The Applicable Standard

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)

A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The relevant inquiry on application for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is

so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505. A court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial. *Westinghouse Elec. Corp. v. N.Y. City Transit Auth.*, 735 F.Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505 (emphasis in original).

While the moving party bears the initial burden of showing that no genuine issue of material fact exists, *Atl. Mut. Ins. Co. v. CSX Lines, L.L.C.*, 432 F.3d 428, 433 (2d Cir. 2005), in cases where the non-moving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "It is ordinarily sufficient for the movant to point to a lack of evidence ... on an essential element of the non-movant's claim .... [T]he nonmoving party must [then] come forward with admissible evidence sufficient to raise a genuine issue of fact for trial ...." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (internal citations omitted); *see also Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) ("Once the moving party has made a properly supported showing sufficient to suggest the absence of any genuine issue as to a material fact, the nonmoving party ... must come forward with evidence that would be sufficient to support a jury verdict in his favor").

## IV. The Complaint Fails to Allege a Breach of Contract by Defendant

 "To establish a *prima facie* case for breach of contract, a plaintiff must plead and prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) (internal citation omitted). Although a *pro se* litigant's pleadings are entitled to some deference, "there are limits to the deference to which a plaintiff—even one appearing pro se—is entitled." *Troni v. Di Milano*, No. 89 Civ. 3299, 1992 U.S. Dist. LEXIS 249, 1992 WL 8341 (S.D.N.Y. Jan. 14, 1992). "[T]his deference does not extend so far as to exempt him from the most basic pleading rules of the federal court system." *Bishop v. Henry Modell & Co.*, No. 08 Civ. 7541, 2010 WL 1685958, at *5 (S.D.N.Y. Apr. 15, 2010).

Plaintiff's Complaint asserts claims and allegations of sexual harassment, discrimination, and retaliation that Plaintiff alleged he experienced while employed by Anheuser–Busch, which have already been dismissed by the Court. Compl. ¶¶ 3, 4, 5, 6. Plaintiff does not refer to the CBA in his Complaint, or allege any facts to assert a claim under section 301 of the LMRA that Anheuser–Busch violated the CBA in terminating his employment. Plaintiff breached the CBA and readily admitted during his deposition that the CBA was clear: if an employee performs no active work for more than a year, due to an extended absence, the employee's seniority is terminated, resulting in the termination of his employment. SUMF ¶ 13.

 As to his wrongful termination claim, Plaintiff focuses only on the alleged failure of Martinez, Plaintiff's Union representative, to "inform AB Management

about Black's status." Compl. p. 6, ¶ 2. At no point in Plaintiff's deposition did he assert that Anheuser–Busch breached the terms of the CBA when terminating his employment, but states that he spoke with Martinez on May 17, 2013 about his status of being out of work and Martinez failed to inform Anheuser–Busch of Plaintiff's status. SUMF ¶ 16.

Plaintiff's reference that "A–B In Bev has breached there [sic] responsibil [sic]" in Paragraph 7 of the Complaint similarly does not assert a valid breach-of-contract claim against Anheuser–Busch. By Plaintiff's own admission, those "responsibilities" did not relate to any contract, but rather the alleged responsibilities detailed in Paragraphs 5 and 6 of the Complaint, which relate solely to Plaintiff's workplace harassment claim. In Paragraph 5, Plaintiff alleges that he discussed with Anheuser–Busch's Director of Operations, Shreya Balakrishnan,

> about placing harassment signs posted in designated areas [and] later brought up the idea of having our harassment signs written in Spanish and well as our policy to ensure all employees understand what the Company policy is all about. Balakrishnan brought up the idea of changing our current (2) year harassment policy to yearly and bring it up in our monthly meetings.

Compl. ¶ 5. In Paragraph 6, Plaintiff alleges that Anheuser–Busch "failed to update or enforce its policy: (1) did not post harassment signs in designated areas; (2) failed to enforce company policy for example A–B In Bev waits until an incident breaks out then start [sic] saying what can we do to ensure this incident doesn't happen again but by then it's too late." Compl. ¶ 6. It was solely in that specific context of updating and posting its anti-harassment policy that Plaintiff alleges that "A–B In

Bev has breached there [sic] responsibil [sic]." Compl. ¶ 7.

During his deposition, Plaintiff confirmed that the "responsibilities" referred to his workplace harassment claims and not a breach of the CBA. When Plaintiff discussed his grievance with the Union, he asked whether Anheuser–Busch would give him certain requested relief relating to his prior complaint of workplace harassment by a Union represented coworker. SUMF ¶ 17. Plaintiff determined that if there had been a grievance on his termination, he would have declined to return to work at Anheuser–Busch "due to Anheuser Busch failed [to address] workplace sexual harassment policy and wrongful termination;" specifically, the fact that Anheuser–Busch "didn't update the suggestions that were brought up at the meeting, that change our two-year policy—workplace harassment policy to yearly and place harassment signs posted in the designated areas." *Id.* ¶ 18. Accordingly, the "responsibilities" to which Plaintiff referred were not the responsibilities of Anheuser–Busch set forth in the CBA but rather Anheuser–Busch's decision not to adopt Plaintiff's suggestions.

Because Plaintiff fails to assert a valid breach-of-contract claim against Anheuser Busch and the record is devoid of any evidence that would support any such claim, any remaining breach-of-contract claim is dismissed.

## V. Dismissal of Previous Breach of Contract Claim Requires Dismissal of the Instant Breach of Contract Claim

The Court's dismissal of Plaintiff's hybrid LMRA section 301 breach-of-contract/breach of duty of fair representation claim in its June 9, 2014 and January 30, 2015 Orders constitutes law of the case and requires dismissal of any remaining

breach-of-contract claim against Anheuser–Busch.

■ "It is well-settled that an employee may maintain a breach of contract action based upon a CBA directly against the employer only if 'the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.'" *Tomney v. Int'l Ctr. for the Disabled*, 357 F.Supp.2d 721, 738 (S.D.N.Y. 2005) (quoting *Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). "Although formally comprised of two separate causes of action, a suit in which an employee alleges that an employer has breached a CBA and that a union has breached its duty of fair representation by failing to enforce the CBA is known as a 'hybrid § 301/fair representation claim.'" *Acosta v. Potter*, 410 F.Supp.2d 298, 308 (S.D.N.Y. 2006) (internal citations omitted); *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

■ In a hybrid claim under § 301, "an employee may sue the union, the employer, or both, but 'must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members.'" *Dennis v. Local 804, L.B.T. Union*, No. 07. Civ. 9754, 2009 U.S. Dist. LEXIS 44817, at *13 (S.D.N.Y. May 27, 2009) (quoting *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001)). The Supreme Court of the United States has made clear that in order to "prevail against either the company or the Union," employee-plaintiffs "must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of the duty by the Union." In *DelCostello*, 462 U.S. at 165, 103 S.Ct. 2281. An employee's claim against his employer for breach of a

collective bargaining agreement can therefore proceed only if the employee's union violated its duty of fair representation.

This Court dismissed Plaintiff's hybrid LMRA Section 301 breach-of-contract/breach of duty of fair representation claim in its June 9, 2014 Order and affirmed that dismissal in its January 30, 2015 Order, specifically ruling that any such claim by Plaintiff is time-barred. The Court's decisions in those Orders are "the law of the case." The "law of the case" doctrine "posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case." *Aramony v. United Way*, 254 F.3d 403, 410 (2d Cir. 2001) (quotation and citation omitted). Therefore, without good reason not to, a court will "generally adhere to [its] own earlier decision on a given issue in the same litigation." *In re Rezulin Liability Litigation*, 224 F.R.D. 346, 350 (S.D.N.Y. 2004) (quoting *Tri–Star Pictures, Inc. v. Leisure Time Prods., B.V.*, No. 88 Civ. 9127, 1992 WL 296314, at *7 (S.D.N.Y. Oct. 6, 1992)).

The Court's dismissal of Plaintiff's hybrid LMRA section 301 breach-of-contract/breach of duty of fair representation claim in its prior Orders necessarily dismissed any breach-of-contract claim against Anheuser-Busch. *See, e.g., Tomney*, 357 F.Supp.2d at 738 ("The Union did not violate its DFR, and so Tomney's claims against ICD for violating the CBA are dismissed."). Indeed, in this Court's January 30, 2015 Order, it cited *Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29 (2d Cir. 2000), which specifically confirms this. In *Carrion*, the Second Circuit found that "[The employee's] claims against [the employer] and the Union cannot be separated. Even if [the employee] had sued only [the employer] for violating the CBA ... he would still have been required to show that the

union breached its duty of fair representation." *Carrion*, 227 F.3d at 34.

Plaintiff's claim against Martinez for breach of the Union's duty of fair representation and any breach-of-contract claim against Anheuser–Busch are subject to the same six-month limitations period under *DelCostello* and its progeny. Therefore, the Court's prior dismissal of the claim against Martinez on the grounds of it being time-barred necessarily leads to the conclusion that no breach-of-contract claim can be brought against Anheuser–Busch. See *Carrion*, 227 F.3d at 32 ("We hold that [the employee's] claim against [the employer] and the Union for breach of the CBA ... allege a hybrid § 301/fair representation claim subject to the six-month statute of limitations established by the Supreme Court in *DelCostello*.") (citation omitted).

The Court's previous Orders finding that Plaintiff's hybrid LMRA section 301/fair representation claim was time-barred by the six-months limitations period constitutes "the law of the case" and precludes the same claim from proceeding against Anheuser–Busch as a matter of law.

## VI. The Breach–of–Contract Claim is Time–Barred

Even if Plaintiff had asserted a valid breach-of-contract claim against Anheuser Busch regarding the CBA—which he did not—and such claim was not previously dismissed by the Court, any remaining claim against Anheuser–Busch for breach of the CBA is time-barred.

It is well established that when the nature of a plaintiff's claim is that the employer breached the CBA and the union breached its duty to enforce the CBA, the plaintiff has alleged what is more commonly known as a hybrid § 301/fair representation claim. See *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165, 103 S.Ct.

2281, 76 L.Ed.2d 476 (1983). Any claim by an employee against the union or the employer must be brought within six months of the time the employee knew of the breach of the collective bargaining agreement or breach of duty of fair representation. See *id.* at 158, 165, 103 S.Ct. 2281; *Carrion*, 227 F.3d at 32.

Here, the only conceivable breach of the CBA is the alleged wrongful termination of Plaintiff's employment on June 14, 2013. Plaintiff did not file his Complaint until January 6, 2014, more than six months later. Accordingly, as a matter of law, any LMRA section 301 breach-of-contract claim against Anheuser–Busch is barred by the statute of limitations and must be dismissed.

## VII. Conclusion

Based upon the facts and conclusions set forth above, the Defendant's motion for summary judgment is granted and the Plaintiff's remaining claim for breach of contract is dismissed with prejudice.

It is so ordered.