227 F.3d 29 (2nd Cir. 2000)
 RANDOLPH CARRION, Plaintiff-Appellant,
v.
ENTERPRISE ASSOCIATION, METAL TRADES BRANCH LOCAL UNION 638, ONESOURCE FACILITY SERVICES, INC., formerly known as International Service System, Inc., Defendants-Appellees,
METROPOLITAN LIFE INSURANCE COMPANY, ANTHONY HALL, PETER WINSTON, and STUYVESANT TOWN, Defendants.
 Docket No. 99-7433
August Term, 1999
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: November 19, 1999)
Decided: Sept. 25, 2000)
 
 Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, Judge), upon a March 5, 1999 Memorandum & Order granting summary judgment to Defendants-Appellees because the Plaintiff-Appellant's claims were time barred.
 AFFIRMED. [Copyrighted Material Omitted]
 Charmaine M. Stewart, Charmaine M. Stewart & Associates, Rosedale, NY (Marcia W. Brathwaite, on the brief), for Appellant.
 Richard S. Brook, Mineola, NY (Patricia E. Palmeri, on the brief), for Appellee Enterprise Association, Metal Trades Branch Local Union 638.
 Felice B. Ekelman, Jackson Lewis Schnitzler & Krupman, New York, NY (Mitchell Boyarsky, on the brief), for Appellee OneSource Facility Services, Inc.
 Before: KEARSE, PARKER, and POOLER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant Randolph Carrion appeals from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, Judge), upon a March 5, 1999 Memorandum & Order granting summary judgment to Defendants-Appellees Enterprise Association, Metal Trades Branch Local Union 638 (the "Union") and International Service System, Inc. ("ISS"),[1] because Carrion's claims were barred by the statute of limitations.[2] See Carrion v. Enterprise Ass'n., No. 96-CV-5959, 1999 WL 294721, at *1, *3 (E.D.N.Y. Mar. 5, 1999). We affirm the judgment of the district court and hold that Carrion's suit was barred by the six-month statute of limitations that applies to hybrid § 301/fair representation claims.
 
 I. BACKGROUND
 
 2
 ISS provides cleaning and maintenance services to commercial building owners and managers. On November 17, 1992, Carrion began employment with ISS at Stuyvesant Town/Peter Cooper Village ("Peter Cooper Village") as a plumber and stove repairman. Metropolitan Life Insurance Company ("MetLife") manages Peter Cooper Village, and the Union is the exclusive bargaining agent for some of ISS's employees, including Carrion, who work at Peter Cooper Village. SeeCarrion, 1999 WL 294721, at *1.
 
 
 3
 On August 22, 1995, Carrion fought with a parking lot attendant at Peter Cooper Village, and he was arrested the following day for his role in the altercation. See id. On August 24, 1995, ISS suspended Carrion from employment pending further investigation of the incident. See id. Soon thereafter, the Union contacted ISS and requested that ISS reinstate Carrion. See id. ISS contacted MetLife, which told ISS that Carrion would not be permitted to enter Peter Cooper Village because of the altercation. See id. ISS informed the Union that it was unable to reinstate Carrion because of MetLife's opposition, and ISS subsequently fired Carrion. See id.
 
 
 4
 The Union proceeded to arbitration pursuant to the grievance and arbitration procedure set forth in the collective bargaining agreement (the "CBA") between ISS and the Union. See id. On December 7, 1995, the arbitrator issued an award ordering ISS to reinstate Carrion to his former position without back pay. The Union contacted ISS and requested that it reinstate Carrion pursuant to the award. ISS did not reinstate Carrion at Peter Cooper Village, because MetLife's position had not changed. When the Union contacted MetLife on Carrion's behalf, MetLife would not discuss the matter. Therefore, in December 1995, the Union told Carrion that there was nothing further that it could do to help him be reinstated at Peter Cooper Village. By letter of December 20, 1995, ISS offered Carrion a job at another location for less pay. Carrion accepted on December 26, 1995, and began work the following week. See Carrion, 1999 WL 294721, at *1.
 
 
 5
 Carrion filed a Complaint in the district court on December 6, 1996, and an Amended Complaint on May 12, 1997, alleging that the Union and ISS violated the CBA "[b]y failing to abide by and/or enforce the terms of the arbitration awards," and thus violated § 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158, and § 301(a) of the Labor Management Relations Act, 1947 ("LMRA"), 29 U.S.C. § 185(a). See id. at *2.
 
 
 6
 The Union and ISS moved separately for summary judgment after discovery was completed. The district court granted the defendants' summary judgment motions, concluding that Carrion had brought a hybrid § 301/fair representation claim that was barred by the six-month statute of limitations set forth in DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169-70, 172 (1983). See Carrion, 1999 WL 294721, at *2 (citing DelCostello, 462 U.S. at 151; White v. White Rose Food, 128 F.3d 110, 114 (2d Cir. 1997)).
 
 II. DISCUSSION
 
 7
 On appeal, Carrion argues that the six-month statute of limitations that applies to hybrid § 301/fair representation claims does not apply in this case. Even if his is a hybrid claim, Carrion argues, the six-month statute of limitations "has not been indelibly established as the limitations period for an employee's suit to enforce an arbitration award." Carrion contends that the appropriate statute of limitations is instead the one-year statute of limitations applied to enforcement and confirmation of arbitration awards under New York Civil Practice Law & Rules ("CPLR") §§ 215(5) and 7510, respectively. We disagree and affirm the judgment of the district court.
 
 
 8
 We hold that Carrion's claims against ISS and the Union for breach of the CBA "[b]y failing to abide by and/or enforce the terms of the arbitration awards" allege a hybrid §301/fair representation claim subject to the six-month statute of limitations established by the Supreme Court in DelCostello. SeeDelCostello, 462 U.S. at 165. Because Carrion did not bring his claims within six months of the time he knew of the allegations that form the basis of his complaint, the district court correctly concluded that Carrion's suit was time barred. See Carrion, 1999 WL 294721, at *2-3.
 
 
 9
 We review the district court's grant of summary judgment de novo. See Sutera v. Schering Corp., 73 F.3d 13, 15 (2d Cir. 1995). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The district court must draw all reasonable inferences in favor of the nonmoving party and grant summary judgment only if no reasonable trier of fact could find in favor of the nonmoving party. See Taggart v. Time Inc., 924 F.2d 43, 46 (2d Cir. 1991).
 
 
 10
 Carrion's suit against ISS and the Union is governed by two statutes. Section 301 of the LMRA, 29 U.S.C. § 185, governs his claim that ISS breached the CBA. See DelCostello, 462 U.S. at 164; Vaca v. Sipes, 386 U.S. 171, 183-84 (1967) (§ 301 confers federal jurisdiction over suits to enforce collective bargaining agreements); White, 128 F.3d at 113 (§ 301 governs employer's duty to honor the CBA). The Union's duty of fair representation to Carrion is implied under the scheme of the NLRA, 29 U.S.C. § 151 et seq. See DelCostello, 462 U.S. at 164 & n.14; White, 128 F.3d at 113-14. As the Supreme Court stated in DelCostello:
 
 
 11
 The duty of fair representation exists because it is the policy of the National Labor Relations Act to allow a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individuals in the unit of the ability to bargain individually or to select a minority union as their representative. In such a system, if individual employees are not to be deprived of all effective means of protecting their own interests, it must be the duty of the representative organization "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."
 
 
 12
 462 U.S. at 164 n.14 (quoting Vaca, 386 U.S. at 177).
 
 
 13
 In order to provide individual employees with recourse when a union breaches its duty of fair representation in a grievance or arbitration proceeding, the Supreme Court has held that an employee may bring suit against both the union and the employer. Seeid.at 164. Such suit, which alleges that the employer breached the CBA and that the union breached its duty of fair representation, is known as a hybrid § 301/fair representation claim. See id. at 164-65; White, 128 F.3d at 113-14. The employee may sue the employer, the union, or both in a hybrid § 301/fair representation claim; to prevail the employee "must not only show that [his] discharge was contrary to the contract, but must also carry the burden of demonstrating breach of duty by the Union." DelCostello, 462 U.S. at 165 (quoting United Parcel Serv., Inc. v. Mitchell, 451 U.S. 56, 66-67 (1981)(Stewart, J., concurring)).
 
 
 14
 In DelCostello, the Supreme Court determined that a six-month statute of limitations applies to hybrid § 301/fair representation claims. See id. at 155. Because there is no federal statute of limitations that expressly applies to such claims, the Court borrowed from the most suitable statute. See id. at 158. The Court thus held that § 10(b) of the NLRA, 29 U.S.C. § 160(b), "which establishes a 6 month period for making charges of unfair labor practices to the NLRB," was also appropriate for hybrid § 301/fair representation claims. See id.at 169-72; see also White, 128 F.3d at 114; McKee v. Transco Prods., Inc., 874 F.2d 83, 86 (2d Cir. 1989).
 
 
 15
 The district court correctly applied the six-month statute of limitations to Carrion's claim, because it was a hybrid § 301/ fair representation claim alleging that ISS violated the CBA and that the Union failed to enforce the arbitration award. See Carrion, 1999 WL 294721, at *2; see also DelCostello, 462 U.S. at 164-65. This Court has not previously held that a union's duty of fair representation includes the union's duty to enforce an arbitration award. Today we hold that it does. An employee who alleges that his union failed to enforce an arbitration award alleges thereby that the union violated its duty of fair representation. This allegation, in turn, forms the basis of a hybrid § 301/fair representation claim.
 
 
 16
 Carrion acknowledges that his cause of action "may be construed as a hybrid one." Nevertheless, he argues that "even if his complaint is found to have alleged a hybrid claim, he is not precluded from pursuing a pure LMRA § 301 claim against ISS" subject to a longer limitations period. Carrion argues that the district court should not have dismissed all of his claims, even if it found the hybrid action untimely: "The District Court erred in failing to address Carrion's claims against ISS separately from [the claims against the] Union[]." We find this argument unpersuasive.
 
 
 17
 Carrion's claims against ISS and the Union cannot be separated. Even if Carrion had sued only ISS for violating the CBA by failing to abide by the arbitration award, he would still have been required to show that the union breached its duty of fair representation. As the DelCostello Court stated,
 
 
 18
 The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both. The suit is . . . not a straightforward breach-of-contract suit under § 301, . . . but a hybrid § 301/fair representation claim . . . .
 
 
 19
 DelCostello, 462 U.S. at 165.
 
 
 20
 Carrion "cannot circumvent the six month limitations period for hybrid actions by choosing to sue only [his] employer." McKee, 874 F.2d at 86. Relying on DelCostello, this Court has concluded: "The law is clear that regardless of who is named as a defendant, a hybrid claim is presented if an employee has a cause of action against both the employer and the union, where the two claims are inextricably linked, and where the case to be proved is the same against both." McKee, 874 F.2d at 86 (citing DelCostello, 462 U.S. at 164 65). "[W]hat makes a case a 'hybrid' action against both union and employer is the nature of the claim, not the identity of the parties." Id. (quoting Montgomery v. National R.R. Passenger Corp., 619 F. Supp. 1393, 1398 (D. Conn. 1985)) (first alteration in original)(quotation marks omitted). Where, as here, the "nature of the claim" is that the employer breached the CBA and that the union breached its duty to enforce the CBA, because it calls for arbitration of the employee's grievance and therefore has alleged a hybrid § 301/ fair representation claim.
 
 
 21
 Contrary to his contentions, Carrion's suit is not a straightforward, or "pure" § 301 action. A pure § 301 action is a suit brought directly by a union against an employer to enforce the CBA. See Service Employees Int'l Union Local 36 v. City Cleaning Co., 982 F.2d 89, 94 n.2 (3d Cir. 1992). Because the CBA is a contract between the union and the employer, the § 301 claim is for breach of that contract. See DelCostello, 462 U.S. at 165. By contrast, when an employee like Carrion brings a lawsuit against the employer because his union failed to obtain enforcement of an arbitration award, the employee alleges violation of the CBA and breach of the union's duty of fair representation. SeeDelCostello, 462 U.S. at 164-65. Therefore, the suit is not a pure § 301 action, but rather a hybrid § 301/fair representation claim.
 
 
 22
 Finally, we note that the limitations period in a hybrid § 301/fair representation claim "begins to run when the employee knew or should have known of the breach of the duty of fair representation." White, 128 F.3d at 114. The district court concluded that the statute of limitations had started to run by January 1996, because by that time Carrion either knew or should have known that the Union had breached its duty of fair representation. See Carrion, 1999 WL 294721, at *3. Carrion does not dispute the district court's conclusion on this issue, so we do not discuss it further.
 
 
 23
 The Eighth Circuit has reached the conclusion that we do here in Livingstone v. Schnuck Mkt., Inc., 950 F.2d 579, 582 (8th Cir. 1991). In Livingstone, the employee sued his employer seeking to enforce an arbitration award of back pay. See id. at 581. The district court granted summary judgment to the employer, concluding that the employee's suit stated a hybrid § 301/fair representation claim and was barred by the six-month statute of limitations. See id. at 581. The court of appeals affirmed.
 
 
 24
 The court of appeals agreed with the district court's finding that the union had a duty under the CBA to enforce the arbitration award, and therefore that the "employee's action against the employer . . . necessarily includes a claim against the union for inadequate representation." Id.at 582. The employee therefore had to prove a hybrid § 301/fair representation claim: "In order to prevail against his employer, [the employee] must first show that his union breached its duty of fair representation to him in failing to enforce his arbitration award." Id. Similarly, in order to prevail in his hybrid claim Carrion would have had to show that the Union breached its duty of fair representation to him by failing to enforce the terms of the arbitration award. Because he did not so allege within the six-month statute of limitations, however, Carrion's suit is time barred.
 
 
 25
 The cases that Carrion relies upon do not alter our conclusion. In Williams v. United States Steel, 877 F. Supp. 1240 (N.D. Ind.), aff'd on other grounds, 70 F.3d 944 (7th Cir. 1995), the district court concluded that the appellant's lawsuit against the employer was not a "DelCostello hybrid," and therefore not subject to the six-month statute of limitations. Id. at 1243-44. The court reasoned that under Seventh Circuit case law the union had no duty to enforce an arbitration award, and therefore that "nothing in [the appellant's] action implies criticism of his union." Id.at 1244.
 
 
 26
 The Seventh Circuit has not established a clear rule regarding whether a Union may have a duty to enforce arbitration awards; the court of appeals specifically declined to reach the question of whether to affirm Williams on the ground that the plaintiff presented a hybrid claim that would be barred by DelCostello. See Williams, 70 F.3d at 947 n.3. Elsewhere the Seventh Circuit has indicated that an employee's suit against his employer to enforce an arbitration award constitutes a hybrid § 301/fair representation claim. See Martin v. Youngstown Sheet & Tube Co., 911 F.2d 1239, 1246-47 (7th Cir. 1990) (noting that six-month limitations period for hybrid § 301/fair representation cause of action concerning union's refusal to enforce arbitration award began to run when it was clear that the union was not going to enforce the award), abrogation on other grounds recognized by Ooley v. Schwitzer Div., Household Mfg. Inc., 961 F.2d 1293, 1302 (7th Cir. 1992). We conclude that the appropriate rule is that followed by the Eighth Circuit in Livingstone, see Livingstone, 950 F.2d at 582, and we decline to apply the reasoning of the Williams district court.
 
 
 27
 The other cases that Carrion relies upon concern pure § 301 claims brought by a union against an employer. See International Bhd. of Teamsters v. Kansas City Piggy Back, 88 F.3d 659, 660-61 (8th Cir. 1996) (per curiam) (holding that union's § 301 suit against employer to enforce an arbitration award entered pursuant to CBA arbitration clause was not subject to DelCostello'ssix-month statute of limitations), Service Employees, 982 F.2d at 95 (same). Pure § 301 suits involve the union suing an employer and are therefore distinguishable from Carrion's hybrid action. These cases are therefore inapposite.
 
 III. CONCLUSION
 
 28
 We affirm the district court's grant of summary judgment to ISS and the Union because we conclude that Carrion's suit was barred by the six-month statute of limitations that applies to hybrid § 301/fair representation claims. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 ISS became OneSource Facility Services, Inc., subsequent to the proceedings below. In this opinion, we use the name "ISS."
 
 
 [2]
 Upon Carrion's motion, the court dismissed without prejudice all of Carrion's claims against defendants other than the Union and ISS.