Nasliji BOGA, et al., Plaintiffs,

v.

TEMCO SERVICE INDUSTRIES, INC., et ano., Defendants.

No. 01 CIV. 1794(LAK).

United States District Court,
S.D. New York.

May 9, 2001.

Andrew S. Hoffmann, Wiseman, Hoffmann & Walzer, New York City, for Plaintiffs.

Harry Weinberg, Woodmere, NY, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiffs bring this action against their former employer, Temco Service Industries, Inc. ("Temco"), and their union, Local 32B–32J, Service Employees International Union (the "Union"). They assert a hybrid claim of breach of contract by Temco and breach of the duty of fair representation by the Union under their collective bargaining agreement ("CBA"). Temco has moved to dismiss the complaint for failure to state a claim upon which relief may be granted. Plaintiffs have not responded to the motion.

According to the complaint, plaintiffs were terminated from their employment by Temco on February 14, 2000, allegedly on the ground that they had taken food from a pantry area inside tenant premises in the building where they were employed by Temco as building cleaners. Temco took the position that this constituted just cause within the meaning of the CBA, which therefore permitted the terminations.

Plaintiffs allegedly complained to the Union business agent. The agent allegedly told them that she was afraid that the issues underlying the terminations would cause the building owner to terminate Temco's contract and said that she was not interested in pursuing plaintiffs' case. Plaintiffs nevertheless grieved their terminations. The Union failed to show up before the arbitrator on the first two occa-

sions the case was called. On the third occasion, however, an attorney for the Union appeared and briefly spoke to plaintiffs. The arbitration hearing then went forward. Plaintiffs claim that the Union lawyer told the arbitrator at one point that "the Union is afraid that the Company is going to lose its contract at the building." [1] After a two hour hearing, the arbitrator sustained the terminations of the plaintiffs and three other former employees. Subsequently, the Union rejected an entreaty from plaintiffs' present counsel that the Union seek to vacate the arbitration award.

In *Vaca v. Sipes*,[2] the Supreme Court recognized the existence of a hybrid claim under Section 301 of the Labor Management Relations Act [3] in which a discharged member of a collective bargaining unit asserts that the employer breached the CBA and the union failed fairly to represent the aggrieved employee through the contractual mechanisms for remedying the disciplinary action. As the two claims are inextricably intertwined, the claim must be dismissed if the plaintiff fails to allege facts sufficient to support claims both that the employer breached the CBA and that the union breached the duty of fair representation.[4]

Temco contends that a Section 301 claim will lie against a union only if the union represented the employee "in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." [5] Mere negligence is not enough.[6] And there is no quarrel with that general principle. The problem here, however, is that this complaint—particularly the allegations that the business agent made clear to plaintiffs that the Union was not interested in pursuing plaintiffs' grievance,[7] that the Union failed to show up for the hearing on the first two occasions that the case was set for hearing,[8] and that the Union lawyer who ultimately did appear told the arbitrator that the Union was afraid that the owner would fire Temco if the grievances were sustained [9]—arguably supports an inference that the Union deliberately took a dive in plaintiffs' case in order to protect the interests of its other members. Such an inference would suffice to establish a breach of the duty of fair representation. Accordingly, Temco's principal contention is without merit.

Temco's fallback position is that the arbitration award establishes that the plaintiffs in fact stole food from tenant premises and that there consequently was good cause for their terminations. But Temco has failed to address the question whether the arbitration award is binding here, a proposition that the Court cannot simply

1. Cpt ¶ 31.

2. 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

3. 29 U.S.C. § 185.

4. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570–71, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29 (2d Cir.2000) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)).

5. Temco Mem. 5 (quoting *Heaning v. NYNEX—New York*, 945 F.Supp. 640, 647 (S.D.N.Y.1996)).

6. *See United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372–73, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990); *Cruz v. Local Union No. 3 of Int'l Bhd. of Elect. Workers*, 34 F.3d 1148, 1154 (2d Cir.1994).

7. Cpt ¶ 20.

8. *Id.* ¶¶ 24–25.

9. *Id.* ¶ 31.

take for granted in view of the apparent absence of a judgment confirming the award and the legally sufficient allegation that the union breached its duty of fair representation in the arbitration.

Motion denied.

SO ORDERED.