SUMMARY ORDER
Plaintiff-appellant, Tonika Haynes, proceeding pro se, appeals from (1) a March 30, 2006 order of the District Court granting summary judgment to defendant-appellee United Food and Commercial Workers International Union (“UFCW”), and granting defendant-appellee Quality Markets’s motion for judgment on the pleadings, see ROA doc. 74; and (2) a March 25, 2004, 2004 WL 1146050, order of the District Court granting motions for dismissal of defendants-appellees the National Labor Relations Board (“NLRB”), and the Equal Employment Opportunity Commission (“EEOC”), see ROA doc. 37. Proceeding pro se before the District Court, plaintiff brought claims under Title VII of the Civil Rights Act of 1964, as well as 42 U.S.C. §§ 1983, 1985, and 1986, alleging these entities to have violated certain of
her rights in connection with the termination of her employment with defendant Quality Markets. On appeal, plaintiff contends that the District Court erred in granting defendants’ motions to dismiss and motions for summary judgments.[1] We assume parties’ familiarity with the facts and procedural history of this case.
We review de novo a district court’s dismissal of a complaint pursuant to Rules 12(b)(1) or 12(c) of the Federal Rules of Civil Procedure. See Sharkey v. Quarantillo, 541 F.3d 75, 82 (2d Cir.2008) (stating the standard of appellate review for a district court’s dismissal of a complaint pursuant to Rule 12(b)(1)); Morris v. Schroder Capital Mgmt. Intl., 445 F.3d 525, 529 (2d Cir.2006) (“We review a dismissal under Fed.R.Civ.P. 12(c) using the same de novo standard applicable to dismissals pursuant to Fed.R.Civ.P. 12(b)(6).” (internal quotation marks omitted)).
We also review a district court’s grant of summary judgment de novo, construing the record in the light most favorable to the non-moving party. See Hoyt v. Andreucci, 433 F.3d 320, 327 (2d Cir.2006). “An order granting summary judgment will be affirmed only when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law.” Riegel v. Medtronic, Inc., 451 F.3d 104, 108 (2d Cir.2006); see Fed.R.Civ.P. 56(c). We may affirm a district court’s grant of summary judgment for any reason supported by the record. Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir.2001).
Plaintiff waived our review of the District Court’s grant of defendant Quality Markets’s motion for judgment on the pleadings, see Fed.R.Civ.P. 12(c), because *475 she failed to object timely to the Magistrate Judge’s report and recommendation, which recommended disposition in favor of defendant. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir.2000) (observing that “a party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge’s report”).
The District Court’s grant of summary judgment to UFCW was appropriate, as plaintiff’s suit was time-barred. As a general rule, claims alleging a breach of the duty of fair representation by a labor union must be brought within six months of the time the plaintiff learned of the union’s actionable conduct. See DelCostello v. Int’l Bhd. of Teamsters, 462 U.S. 151, 169-70, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (referring to section 10(b) of the National Labor Relations Act, “which establishes a 6-month period for making charges of unfair labor practices to the NLRB,” as the statute of limitations for a suit alleging breach of duty of fair representation); Carrion v. Enterprise Ass’n, 227 F.3d 29, 32 (2d Cir.2000) (acknowledging the application of section 10(b)’s six-month limitations period in the context of fair representation claims). In this case, it is undisputed that plaintiff learned in August 2001 that defendant would not pursue her grievance against defendant Quality Markets but waited eight months (April 2002) to file suit.
The District Court also correctly dismissed plaintiffs claims against the NLRB and the EEOC. Federal courts lack jurisdiction to review the NLRB’s decision not to file an unfair labor complaint, see Detroit Edison Co. v. NLRB, 440 U.S. 301, 316, 99 S.Ct. 1123, 59 L.Ed.2d 333 (1979); Williams v. NLRB, 105 F.3d 787, 791 n. 3 (2d Cir.1996); see also NLRB v. United Food and Commercial Workers Union, Local 23, 484 U.S. 112, 124-26, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987), and the United States has not waived sovereign immunity for claims against the EEOC, such as plaintiffs, brought pursuant to 42 U.S.C. §§ 1985 and 1986, see Baba v. Japan Travel Bureau International, 111 F.3d 2, 6 (2d Cir.1997) (“Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed properly to investigate or process an employment discrimination charge.”).
For the reasons stated above, the orders of the District Court are AFFIRMED.

. We construe plaintiff's pleadings liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir.2008) (noting that "when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally” (internal quotation marks omitted) (alterations in original)).