08-3542-cv
Saluja v. Local 1199 United Healthcare

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> JOHN M. WALKER, Jr.,
> ROSEMARY S. POOLER,
> > *Circuit Judges*.

_____

Paul Saluja,

> *Plaintiff-Appellant*,

> v.                                                                08-3542-cv

Local 1199 United Healthcare Workers East, SEIU,
North Shore Long Island Jewish Health System,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| FOR APPELLANT: | Paul Saluja, *pro se*, New Hyde Park, New York. |
| FOR APPELLEE LOCAL 1199: | Richard Dorn, Levy Ratner, P.C., New York, New York. |
| FOR APPELLEE NORTH SHORE LONG ISLAND JEWISH HEALTH SYSTEM: | Michael Joseph Volpe and Shaffin Abdul Datoo, Venable LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Paul Saluja, *pro se*, appeals the district court's grant of summary judgment in favor of Local 1199 United Healthcare Workers East, SEIU ("the Union") and North Shore Long Island Jewish Health System ("the Hospital"), dismissing Saluja's complaint. Saluja alleges that after he was terminated from his position as a medical technologist with the Hospital, the Union breached its duty of fair representation to him and the Hospital breached its collective bargaining agreement with the Union. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's order granting summary judgment *de novo* and ask whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

The district court correctly identified Saluja's claim as a "hybrid Section 301/fair representation claim," referencing Section 301(a) of the Labor Relations Management Act, 29

2

U.S.C. § 185(a), which governs Saluja's claim that the Hospital breached the collective bargaining agreement; the Union's duty of fair representation is implied under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.  See Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000).   An employee may sue either his employer or the Union, or both, in a hybrid Section 301/fair representation claim, but to prevail, the employee "'must not only show that [his] discharge was contrary to the contract, but must also carry the burden of demonstrating breach of duty by the Union.'"  *Id*. (quoting *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 165 (1983)).  The "indispensable predicate for such an action is . . . a demonstration that the Union breached its duty of fair representation."  *United Parcel Service. Inc. v. Mitchell*, 451 U.S. 56, 62 (1981), *overruled on other grounds by DelCostello*, 462 U.S. 151.  A union breaches its duty of fair representation only if it acts in a manner that is "arbitrary, discriminatory, or in bad faith."  *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *see also White v. White Rose Food*, *a Div. of DiGeorgio Corp.,* 237 F.3d 174, 179 (2d Cir. 2001).  If an employee establishes that the union acted in such a manner, he must then prove a causal connection between the union's conduct and his injuries.  *See White*, 237 F.3d at 179.

Here, Saluja failed to establish that the Union breached its duty of fair representation, as he provided only conclusory allegations that the Union did not adequately investigate his grievances or acted arbitrarily in choosing not to pursue arbitration when his grievances were denied.  Such conclusory allegations are insufficient to withstand summary judgment.  *See Davis*, 316 F.3d at 100.  Because Saluja failed to establish that the Union's conduct was arbitrary, discriminatory, or in bad faith, the district court appropriately did not consider whether the Union's conduct caused his injuries, or whether the Hospital breached the collective bargaining

agreement.  *See Mitchell*, 451 U.S. at 62.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk