10-0035-cv
Jones v. SEIU Local 1199

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of September, two thousand ten.

PRESENT:   REENA RAGGI,
                      DEBRA ANN LIVINGSTON,
                                     *Circuit Judges*,
                      JED S. RAKOFF,*
                                     *District Judge*.

------------------------------------------------------------------------

RUFUS JONES,

                                     *Plaintiff-Appellant*,


                      v.                                                    No. 10-0035-cv


SEIU LOCAL 1199, UNIVERSITY OF ROCHESTER,

                                     *Defendants-Appellees*.

------------------------------------------------------------------------

FOR APPELLANT:                    Rufus Jones, pro se, Rochester, New York.

FOR APPELLEES:                    Michael T. Harren, Chamberlain D'Amanda Oppenheimer & Greenfield LLP, Rochester, New York, *for Defendant-Appellee SEIU Local 1199*.

---

* District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Linda T. Prestegaard, Phillips Lytle LLP, Rochester, New York, *for Defendant-Appellee University of Rochester*.

Appeal from the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the December 23, 2009 judgment of the district court is AFFIRMED.

Pro se plaintiff Rufus Jones appeals from an award of summary judgment in favor of defendants SEIU Local 1199 and the University of Rochester on his hybrid § 301/duty of fair representation claims brought pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, and the National Labor Relations Act, §§ 29 U.S.C. 151-59. We review a grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. See Havey v. Homebound Mortg., Inc., 547 F.3d 158, 163 (2d Cir. 2008). While we will not uphold an award of summary judgment in favor of the defendants if the evidence is sufficient to permit a reasonable jury to find for Jones, he must point to more than a "scintilla" of supporting evidence to defeat summary judgment. Id. (internal quotation marks omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In applying these principles to this appeal, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We affirm for substantially the reasons stated in the district court's thorough and well-reasoned opinion. See Jones v. SEIU Local 1199, No. 08 Civ. 6179, 2009 WL 5171882

2

(W.D.N.Y. Dec. 22, 2009). As the district court noted, Jones's claim challenging his failure to receive a pay increase is barred by the applicable statute of limitations, see Carrion v. Enter. Ass'n, 227 F.3d 29, 32 (2d Cir. 2000) (observing that hybrid § 301/duty of fair representation claim is subject to six-month statute of limitations), and his duty of fair representation claim cannot survive summary judgment because he has failed to adduce evidence sufficient to permit a rational factfinder to conclude that SEIU's refusal to arbitrate his termination of employment was "arbitrary, discriminatory, or in bad faith." Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998); accord Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers, 415 F.3d 279, 282 (2d Cir. 2005); see also Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991) ("[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." (internal quotation marks and citation omitted)). Because the district court properly concluded that SEIU was entitled to summary judgment, it follows that the University was also entitled to summary judgment. See Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers, 415 F.3d at 282 (noting that to prevail on hybrid § 301/duty of fair representation claim, plaintiff must demonstrate both that employer breached collective bargaining agreement and that union breached duty of fair representation).

We have considered Jones's remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, we AFFIRM the district court's December 23,

3

2009 judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4