09-5032-cv
Serrano v. USA United Transit Bus Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand ten.

PRESENT:
              DENNIS JACOBS,
                   <u>Chief Judge</u>,
              AMALYA L. KEARSE,
              CHESTER J. STRAUB,
                   <u>Circuit Judges</u>.

_____

JOSE SERRANO, LUIS BENIQUEZ,

        Plaintiffs-Appellants,

        v.                                    09-5032-cv

USA UNITED TRANSIT, INC., THOMAS SCIALPI, LARRAINE LIA CASTELLANO, FRANCIS "FRANK" BRACCIA, CAROL PAPACENA, CLARENCE "JAY" JONES, AMALGAMATED TRANSIT UNION LOCAL 1181, NICHOLAS MADDALONE,

        Defendants-Appellees.*

---

        * The Clerk of the Court is directed to amend the official caption to conform to the caption in this order.

FOR APPELLANTS:           Jose Serrano, pro se, Bronx, NY.

                          Luis Beniquez, pro se, Brooklyn, NY.

FOR APPELLEES:            Anthony J. Cincotta, Shrewsbury, NJ,
                          and Eric C. Stuart, Ogletree,
                          Deakins, Nash, Smoak & Stewart,
                          P.C., New York, NY (Counsel for USA
                          United Transit, Inc.).

                          Richard A. Brook and Jessica Drangel
                          Ochs, Meyer, Suozzi, English &
                          Klein, P.C., New York, NY (Counsel
                          for Amalgamated Transit Union Local
                          1181).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellants Jose Serrano and Luis Beniquez, pro se, appeal the district court's judgment granting the Defendants' Fed. R. Civ. P. 12(b)(6) motions to dismiss their complaint, which alleged a hybrid § 301 (of the Labor Management Relations Act)/fair representation claim. See 29 U.S.C. § 185; DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983). The district court denied Plaintiffs' request for equitable tolling of the limitations period, and dismissed the claims as untimely filed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). We review a district court's denial of equitable tolling for abuse of discretion. See Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 81 (2d Cir. 2003). Hybrid § 301/fair representation

claims have a six-month statute of limitations. See Carrion v. Enter. Ass'n., Metal Trades Branch Local Union 638, 227 F.3d 29, 33-34 (2d Cir. 2000) (citing DelCostello, 462 U.S. at 164-65).

Based on our review of the record, we conclude that the district court correctly determined that Serrano and Beniquez filed their complaint well after the expiration of the six-month statute of limitations. The court did not abuse its discretion in determining that Appellants did not establish the "reasonable diligence" and "extraordinary" circumstances necessary for equitable tolling. See Zerilli-Edelglass, 333 F.3d at 80-81. Appellants' letter to the Department of Labor on April 14, 2008, shows awareness of the facts that gave rise to their claim more than a year before the present action was filed. Moreover, they do not explain how Serrano's mental illness stood in the way of his ability to comply with the limitations period; their participation in other litigation during the same time period belies any such inhibition.

We have considered all of the remaining arguments on appeal and found them to be without merit. For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, CLERK

3