17-279-cv
Smith v. Met. Museum of Art

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand seventeen.

PRESENT: DENNIS JACOBS,
           JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                     Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X

JAMES SMITH,
      Plaintiff-Appellant,

      -v.-                                  17-279-cv

THE METROPOLITAN MUSEUM OF ART, JOHN AND JANE DOES 1-10, XYZ CORP. 1-20, LOCAL UNION 1503, DISTRICT COUNCIL 37, AFSCME AFL-CIO,
      Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            RUDY A. DERMESROPIAN, Law Office of Rudy A. Dermesropian, LLC, New York, NY.

1

**FOR APPELLEES:**
                                                CLIFFORD R. ATLAS (Suzanne E.
                                                Peters on the brief), Jackson
                                                Lewis P.C., New York, NY, for
                                                defendants-appellees
                                                Metropolitan Museum of Art, John
                                                and Jane Does 1-10, and XYZ
                                                Corp. 1-20.

                                                MAUREEN M. STAMPP (Jessica N.
                                                Tischler on the brief), Kaufman
                                                Dolowich & Voluck, LLP, New
                                                York, NY, for defendant-appellee
                                                Local Union 1503, District
                                                Council 37, AFSCME AFL-CIO.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

James Smith sued his union (Local Union 1503, or "the Union") and his former employer (the Metropolitan Museum of Art, or "the Museum"), alleging (1) age discrimination against the Museum, and (2) breach of the duty of fair representation against the Union.[1]  The United States District Court for the Southern District of New York (Rakoff, J.) dismissed the complaint on motion, concluding that his claims against the Museum were released and that his claims against the Union were time-barred.  We review that determination de novo.  See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

---

[1] Smith's operative complaint also asserted a claim for the Union's breach of fiduciary duty and both parties' breach of a collective bargaining agreement; but Smith's briefs do not address these claims on appeal, so they are deemed abandoned.

2

**1.** The Museum fired Smith because it believed that he had defaced Egyptian statues. Smith disputed the Museum's allegation and instituted a grievance procedure to challenge his termination. Before that process concluded, Smith, the Union, and the Museum entered into a settlement agreement ("the Release"), in which the Museum agreed to pay Smith six-and-a-half months of salary in exchange for his waiver of all potential claims against the Museum. The Release provides:

> Smith . . . hereby voluntarily, knowingly, and willingly waives (i.e. gives up) and releases the Museum and [associated entities] from, any and all claims, rights, debts, liabilities, demands, and causes of action, known or unknown, arising under federal[,] state, local, or common law, . . . including but not limited to claims arising from his employment with the Museum or the termination of his employment . . . .

J. App'x at 20.

Smith argues that he revoked the Release before it took effect. The Release provides for revocation:

> Smith has seven (7) days after he signs this Agreement to revoke it *by notifying the Museum in writing*. The Agreement will not become effective or enforceable until the seven (7) day revocation period has expired[.]

J. App'x at 23 (emphasis added).

Smith failed to allege that he complied with the revocation procedures set out in the Release. The operative complaint states that, within the designated time period, he instructed his attorney to revoke the Release; but the complaint does not state that Smith's attorney (or anyone else) communicated that intent to the Museum in writing. Smith also alleges that he informed the Museum's general

3

counsel of his intent to revoke the Release.[2]  But the complaint does not allege that Smith informed the general counsel within the seven-day period, or whether the notification was in writing.  Therefore, Smith has not alleged that he validly revoked the Release.  Consequently, all of Smith's claims against the Museum are barred by the Release.[3]

   **2.**   Smith argues that if his Union-appointed attorney failed to communicate Smith's revocation of the Release to the Museum, then the Union would have breached its duty of fair representation.  The statute of limitations for such a claim is six months, beginning "when the employee knew or should have known of the breach."  Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638, 227 F.3d 29, 34-35 (2d Cir. 2000) (per curiam) (quotation marks omitted).

   Smith filed his claim more than six months after the limitations period began to run.  Smith signed the Release on October 2, 2015.  The Release became effective on October 9, 2015, seven days after execution.  The Release required the Museum to send Smith a check for six-and-a-half months of salary within thirty days of the effective date, that is, by November 9, 2015.  Smith admitted that he received the check.  By the time Smith received the check, he should have known that his intent to revoke the Release had not been communicated to the Museum.  Therefore, the statute of

_____

   [2] Smith's complaint actually alleged that he informed "Sharon Cox," a member of the Museum's Board of Directors, of his intent to withdraw.  His brief states this was error; he actually informed "Sharon Cott," the Museum's general counsel.

   [3] Smith's reply brief argues that the Release does not bar his age discrimination claims brought pursuant to New York State and City law because the Release "do[es] not *specifically* release the [Museum] from those claims." Appellant's Reply Br. at 11 (emphasis added).  This argument is frivolous.  The Release waives "any and all claims . . . arising under federal[,] state, local, or common law," and in fact does reference the New York State and City Human Rights Laws (under which Smith brought his claims).  J. App'x at 20-21.

limitations began to run at least by November 9, 2015. Because Smith did not file his initial complaint until August 2016, more than six months later, his claim against the Union is time-barred.

For the foregoing reasons, and finding no merit in Smith's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK