*Goodman v. Loc. 804 Union of the Int'l Bhd. of Teamsters (IBT)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

Leonard F. Goodman,

> *Plaintiff-Appellant*,

> v.                                                          23-7576

Local 804 Union of the International Brotherhood of Teamsters (IBT), United Parcel Service Inc. (UPS),

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:      Leonard F. Goodman, Jr., pro se, Brooklyn, NY.

FOR DEFENDANT-APPELLEE LOCAL 804:      H. JOSEPH CRONEN (Nathaniel K. Charny, *on the brief*), Charny & Wheeler, P.C., Rhinebeck, NY.

FOR DEFENDANT-APPELLEE UPS:   JASON W. HILLIARD, Esq., Dinsmore & Shohl LLP, Cincinnati, OH.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Leonard F. Goodman, Jr., pro se, appeals from the district court's judgment dismissing his action under the Labor Management Relations Act ("LMRA") as time-barred and for failure to state a claim. Goodman, pro se, commenced this action against his former employer, United Parcel Service Inc. ("UPS"), and his former union, the International Brotherhood of Teamsters Local 804 ("Local 804"). The district court construed the complaint as seeking to assert a hybrid § 301/duty of fair representation claim under the LMRA. In September 2022, the district court granted the defendants' motions to dismiss Goodman's first amended complaint, agreeing that it was both time-barred and failed to state a claim. *See* Memorandum Decision and Order, *Goodman v. Loc. 804 Union of the Int'l Bhd. of Teamsters*, 2022 WL 4586309, at *7 (E.D.N.Y. Sept. 29, 2022) (No. 21-cv-4655).

Goodman thereafter filed second and third amended complaints. UPS and Local 804 each moved, under Federal Rule of Civil Procedure 12(b)(6), to dismiss Goodman's third amended complaint for failure to state a claim. In September 2023, the district court granted the defendants' motions and dismissed Goodman's third amended complaint with prejudice. *See* Memorandum Decision and Order, *Goodman*, 2023 WL 6283250, at *5 (E.D.N.Y. Sept. 26, 2023). The court concluded that Goodman's new allegations failed to cure the deficiencies identified in the first dismissal order. *Id.* at *3–5. Goodman timely appealed. We assume the parties' familiarity with

2

the remaining facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because Goodman "has been pro se throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024) (citation omitted).

"In order to provide individual employees with recourse when a union breaches its duty of fair representation in a grievance or arbitration proceeding, the Supreme Court has held that an employee may bring suit against both the union and the employer." *Carrion v. Enter. Ass'n, Metal Trades Branch Loc. Union 638*, 227 F.3d 29, 33 (2d Cir. 2000) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983)). "Such suit, which alleges that the employer breached the CBA [collective bargaining agreement] and that the union breached its duty of fair representation, is known as a hybrid § 301/fair representation claim." *Id.* (citation omitted).

"To prevail on a hybrid § 301/duty of fair representation claim, [a plaintiff] must demonstrate both (1) that [the employer] breached its collective bargaining agreement and (2) that [the union] breached its duty of fair representation." *Sanozky v. Int'l Ass'n of Machinists and Aerospace Workers*, 415 F.3d 279, 282 (2d Cir. 2005) (citing *DelCostello*, 462 U.S. at 164–65). "A union breaches the duty of fair representation when its conduct toward [the plaintiff] is arbitrary, discriminatory, or in bad faith." *Id.* (citation omitted). The plaintiff must further

3

establish that "any damages he suffered were caused by the union's breach." *Id.* at 283 (citing *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998)).

Here, the district court properly concluded that Goodman failed to state a hybrid § 301/duty of fair representation claim because he did not plausibly allege that Local 804 breached its duty of fair representation.

First, as the district court concluded, Goodman failed plausibly to allege that Local 804's adherence to the grievance process outlined in the CBA—which required a neutral arbitrator to vote only in the case of a deadlock between Local 804 and UPS panel members—was itself a breach of the duty of fair representation. To the extent Goodman claims that Local 804 suffers from *an inherent* conflict of interest in both representing employees in grievance proceedings and serving on panels, Goodman was aware of this alleged conflict before or at the hearing, so that this aspect of his claim was properly barred as untimely. Goodman's further assertion that the entire grievance process is part of a conspiracy to violate union members' rights, moreover, is conclusory.

Second, Goodman did not plausibly allege that Local 804 breached its duty of fair representation during his individual grievance hearing. Goodman's assertion that the Local 804 panel members conspired with UPS members to wrongfully deny his grievance and backpay is also conclusory. "Conclusory allegations of 'participation' in a 'conspiracy' have long been held insufficient to state a claim." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012). Goodman does not provide sufficient factual allegations to support this claim of a union-UPS conspiracy.

Nor did Goodman allege sufficient facts plausibly to suggest that the Local 804 members' decision to vote against him was arbitrary. The Supreme Court has held that "a union's actions

4

are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n v. O'Neill,* 499 U.S. 65, 67 (1991) (internal citation and quotation marks omitted). The union members of a grievance panel do not act arbitrarily simply because they vote against a grievant, yet that is the core of Goodman's claim.

As for bad faith, it "encompasses fraud, dishonesty, and other intentionally misleading conduct." *Spellacy*, 156 F.3d at 126. Here, Goodman alleges that Local 804 intentionally lied to him by falsely informing him that his grievance had been decided by the arbitrator. *See* Third Amended Complaint, ¶¶ 25, 30, 39, *Goodman* (E.D.N.Y. Nov. 22, 2022) (alleging that "in February of 2021, Local 804 called and told Plaintiff that an impartial arbitrator had denied Plaintiff's grievance and Plaintiff's entitled back pay"). However, assuming *arguendo* that such a misrepresentation constitutes bad faith, that is not enough to state a claim for breach of the duty of fair representation. Goodman's asserted damages were caused by the adverse grievance decision, not the alleged lie. "Assuming that the allegations . . . , if true, would constitute bad faith," Goodman has still "failed to plead a causal connection between this claim and [his] injuries." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 711 (2d Cir. 2010).

The district court also correctly determined that Goodman failed plausibly to allege that Local 804 had engaged in discrimination. "A union's acts are discriminatory when substantial evidence indicates that it engaged in discrimination that was intentional, severe, and unrelated to legitimate union objectives." *Id.* at 709 (citation and internal quotation marks omitted). Goodman asserted that he was treated differently than another discharged UPS employee who, unlike him, had received back pay. But Goodman did not allege facts to show that his circumstances were sufficiently similar to that employee plausibly to suggest that the reason for any differential

5

treatment was "unrelated to legitimate union objectives." *See id.* (quoting *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 301 (1971)).

Finally, the district court properly declined to address Goodman's allegations that UPS breached the CBA by wrongfully discharging him. As described above, Goodman failed plausibly to allege that Local 804 breached its duty of fair representation. And "the Union's breach is a prerequisite to consideration of the merits of plaintiff's claim against her former employer for improper discharge." *Young v. U.S. Postal Serv.*, 907 F.2d 305, 307 (2d Cir. 1990) (citing *DelCostello*, 462 U.S. at 164–65).

\* \* \*

We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court