**Russell L. ANDERSON Jr., Plaintiff–Appellant,**

v.

**ASET CORPORATION, Defendant–Appellee.**

**Docket No. 04–4863–CV.**

United States Court of Appeals, Second Circuit.

Argued: July 11, 2005.

Decided: July 27, 2005.

---

Samuel F. Prato, Rochester, New York, for Plaintiff–Appellant.

---

John Field, Nixon Peabody, Rochester, New York (Andrew P. Zappia, of counsel), for Defendant–Appellee.

Before: WESLEY and HALL, Circuit Judges, and SCULLIN, Chief District Judge.[1]

PER CURIAM.

This suit presents the question of whether a discharged employee, Anderson, may sue a third-party investigator, Aset Corporation ("Aset"), for tortious interference with plaintiff's contractual relations—as set out in a collective-bargaining agreement—with his employer, Delphi Automotive Systems Corporation ("Delphi"), in light of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and in light of the fact that the complaint does not allege *any* breach of the collective-bargaining agreement by Delphi.

The district court dismissed the suit on three grounds: (1) that Section 301 preempted the claim, (2) that even if the claim were not preempted, New York law requires an allegation of breach by the employer to sustain an action for tortious interference with an existing contract at the pleading stage, and (3) that Aset could not be held liable for tortious interference due to its status as an agent of Delphi. *See Anderson v. Aset Corp.*, 329 F.Supp.2d 380, 382–85 (W.D.N.Y.2004). For the reasons stated by the district court in its opinion, we affirm on two of the three grounds: Anderson failed to plead the breach required by New York law, *see, e.g., NBT Bancorp Inc. v. Fleet/Norstar Fin. Group., Inc.*, 87 N.Y.2d 614, 620–21, 641 N.Y.S.2d 581, 664 N.E.2d 492 (1996), and, even if he amended his complaint to conform to New York law, it would be futile because preemption would defeat his state-law claim, *see Lingle v. Norge Div.*

---

1. The Honorable Frederick J. Scullin, Jr., Chief Judge, United States District Court, Northern District of New York, sitting by designation.

*of Magic Chef, Inc.*, 486 U.S. 399, 405–06, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) ("[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law ... is pre-empted ...."); *cf. Baylis v. Marriott Corp.*, 906 F.2d 874, 877–78 (2d Cir.1990). We do not reach Aset's contention that an independent contractor serving as an agent cannot be liable for tortious interference with contractual relations as a matter of New York law.

## Conclusion

The district court's judgment entered September 2, 2004, dismissing the complaint with prejudice is hereby AFFIRMED.