09-2684-cv
Jacque v. Wirt

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                                    **Chief Judge**,
                RALPH K. WINTER,
                JOSEPH M. McLAUGHLIN,
                                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
Harvey L. Jacque,
            **Plaintiff-Appellant**,

            **-v.-**                                        09-2684-cv

Frank Wirt, David Alexander, Keith Gause, Rochester Carpenters Local Union 85,
            **Defendants-Appellees**.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          Harvey L. Jacque, <u>pro se</u>, Rochester, NY.

**FOR APPELLEE:**          Larry Cary, Cary Kane LLP, New York, NY.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Harvey Jacque appeals from a May 29, 2009 judgment of the United States District Court for the Western District of New York (Telesca, J.), dismissing his complaint against his union and its officers. The claims against the individual defendants were dismissed under Federal Rule of Civil Procedure 12(b)(6); the claims against the union were dismissed on summary judgment. We otherwise assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues presented for review.

We review the district court's 12(b)(6) decision de novo. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Jacque alleges that the individual defendants made false statements that induced his employer to breach the collective bargaining agreement, and asserts a state-law tortious interference claim. As the district court ruled, this claim is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. See Anderson v. Aset Corp., 416 F.3d 170, 171-72 (2d Cir. 2005) (per curiam).

2

We affirm the grant of summary judgment to the union defendant because Jacque did not exhaust his union remedies. See Clayton v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., 451 U.S. 679, 682 (1981) (court may require exhaustion). Jacque failed to allege exhaustion in his complaint, or in opposition to the motion for summary judgment. He first argued that he had exhausted the internal union appeal process in pro se letters requesting reconsideration. The district court did not err in denying those letter requests, particularly since Jacque was then represented by counsel. See Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998) (denial of motion for reconsideration reviewed for abuse of discretion); Ennis v. LeFevre, 560 F.2d 1072 (2d Cir. 1977) (court was not required to consider pro se papers filed while petitioner was represented by counsel). And while Jacque again submitted the purported letter in support of his pro se motion for reconsideration after his counsel withdrew, that motion remains pending and is therefore not properly before this Court. Finally, we reject Jacque's contention that he did exhaust his administrative remedies by writing a letter to the union president, because the district court has not had the opportunity to address that argument. See Singleton v. Wulff, 428 U.S. 106, 120-21

3

(1976) (courts of appeal generally do not consider issues raised for the first time on appeal).

We review for abuse of discretion the district court's decision not to excuse Jacque's failure to exhaust. Maddalone v. Local 17 United Bhd. of Carpenters & Joiners of Am., 152 F.3d 178, 183 (2d Cir. 1998). The district court may excuse the failure to exhaust: [1] where union officials are so hostile to the union member that he cannot hope for fair treatment; [2] where the internal appeal procedures are inadequate to address the union member's complaints; or [3] where the internal procedures would inordinately delay a judicial hearing on the merits. See id. at 186. Jacque's arguments that the district court should have excused his failure to exhaust because exhaustion would have been futile or because union officials were so hostile to him that he could not have expected fair treatment are based on unsubstantiated and speculative allegations, and we find no abuse of discretion.

Finding no merit in Jacque's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4