10-58-cv (L)
Andrew Arnold v. 1199 SEIU et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twentieth day of April, two thousand eleven.

PRESENT: AMALYA L. KEARSE,
ROGER J. MINER,
DENNY CHIN,
           <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -x

ANDREW ARNOLD,
     <u>Plaintiff-Appellant</u>,

     -v.-                           10-58-cv(L),
                                  10-262-cv (Con)

1199 SEIU, BETH ABRAHAM HEALTH SERVICES, INC., YONI KONO, MAUREEN CONNOLLY,
     <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: Andrew Arnold, <u>pro se</u>, Bronx, New York.

FOR DEFENDANTS-APPELLEES: Richard Dorn, Levy Ratner, P.C., New York, New York, <u>for</u> 1199 SEIU.

Terri L. Chase, Jones Day, New York, New York, <u>for</u> Beth Abraham Health Services, Inc., Yoni Kono, and Maureen Connolly.

Appeals from judgments of the United States District Court for the Southern District of New York (Cote, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

In this consolidated appeal, plaintiff-appellant Andrew Arnold, proceeding pro se, appeals from judgments entered December 23 and 31, 2009. In No. 10-58-cv, Arnold appeals the district court's December 23 judgment in Arnold v. 1199 SEIU (Arnold I), No. 09 Civ. 5576 (DLC), 2009 WL 4823906 (S.D.N.Y. Dec. 15, 2009), granting the motions of defendant-appellee 1199 SEIU (the "Union") (1) for summary judgment with respect to Arnold's "hybrid § 301/breach of the duty of fair representation" claim arising under § 301 of the Labor Management Relations Act of 1947 (the "LMRA"), Pub. L. No. 80-101, 61 Stat. 136, and (2) to dismiss Arnold's remaining claims for breach of contract and tortious interference with contract. In No. 10-262-cv, Arnold appeals from the district court's December 31 judgment in Arnold v. Beth Abraham Health Services, Inc. (Arnold II), No. 09 Civ. 6049 (DLC), 2009 WL 5171736 (S.D.N.Y. Dec. 30, 2009), granting the motion of defendants-appellees Beth Abraham Health Services, Inc., Yoni Kono, and Maureen Connolly (collectively, the "Employer Defendants") to dismiss Arnold's hybrid § 301/fair representation claim, as well as his claims for discrimination and retaliation under Title VII, breach of contract, and tortious interference with contract. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

- 2 -

As an initial matter, by failing to challenge on appeal the district court's dismissal of his Title VII, breach of contract, and tortious interference claims, Arnold has abandoned any such challenge. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995).[1]  In both appeals, however, Arnold challenges the district court's determinations that his hybrid § 301/fair representation cause of action was barred by the statute of limitations.

"[T]o provide individual employees with recourse when a union breaches its duty of fair representation in a grievance or arbitration proceeding," an employee may bring a suit, referred to as a "hybrid § 301/fair representation claim," against his union, his employer, or both.  Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638, 227 F.3d 29, 33 (2d Cir. 2000) (per curiam); see DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163-64 (1983).  To succeed on such a claim, the employee must prove that (1) the employer breached the collective bargaining agreement (the "CBA") and (2) the union breached its duty of fair representation in redressing his grievance against the employer. See id. at 165.

---

[1]     In addition, we conclude that the district court properly dismissed Arnold's breach of contract and tortious interference with contract claims as preempted by § 301.  See United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362, 368 (1990) ("[A]ny state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301."); Anderson v. Aset Corp., 416 F.3d 170, 171-72 (2d Cir. 2005) (per curiam) (holding that claim for tortious interference with a collective bargaining agreement is preempted by § 301).

A hybrid § 301/fair representation claim is subject to a six-month statute of limitations, see Carrion, 227 F.3d at 32, which "governs the claims against both the employer and the union," King v. N.Y. Tel. Co., 785 F.2d 31, 33 (2d Cir. 1986). Where a union member sues his union alleging a breach of the union's duty of fair representation, "the cause of action accrues no later than the time when the union member[] knew or reasonably should have known that a breach has occurred." Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 278 (2d Cir. 2004) (brackets, ellipsis, and internal quotation marks omitted). Additionally, an employee "'cannot circumvent the six-month limitations period for hybrid actions by choosing to sue only [his] employer'"; instead, the "'law is clear that regardless of who is named as a defendant, a hybrid claim is presented [where] an employee has a cause of action against both the employer and the union, where the two claims are inextricably linked, and where the case to be proved is the same against both.'" Carrion, 227 F.3d at 34 (quoting McKee v. Transco Prods., Inc., 874 F.2d 83, 86 (2d Cir. 1989)). The statute of limitations can be tolled until the plaintiff discovers the breach "[w]hen a union's action or inaction rises to the level of fraudulent concealment." Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64, 69 (2d Cir. 1995). "Fraudulent concealment is predicated on a union deliberately misleading the plaintiff about a breach which he failed to discover during the limitations period despite the exercise of due diligence." Id.

Because it was undisputed that Arnold filed the

- 4 -

complaints that initiated these actions on March 26, 2009, the primary issues in these appeals are whether Arnold's hybrid § 301 cause of action accrued in the six months prior to March 26, 2009, and, if not, whether he was entitled to equitable tolling.

## 1. **Arnold I**

In Arnold I, the district court properly granted the Union's summary judgment motion. The court correctly concluded that Arnold's hybrid § 301 cause of action accrued in June 2007, approximately 21 months before Arnold filed suit on March 26, 2009, well outside the six-month limitations period. Arnold's complaint alleged that the Union breached its "statutory duty of fair representation by the manner in which it handled [Arnold's] grievance." Thus, Arnold's hybrid claim accrued when he "knew or reasonably should have known" that the Union failed to fairly "handle" his grievance. Ramey, 378 F.3d at 278. In Arnold I, the district court properly determined that the claim accrued in early June 2007, based upon Arnold's receipt in June 2007 of a May 30, 2007 letter from the Union to Arnold, in which the Union stated that it would not pursue the grievance to arbitration. See Arnold I, 2009 WL 4823906, at *1, 4.

Arnold, however, argues that he is entitled to equitable tolling because the Union concealed from him its knowledge that he had been assigned a disproportionately greater workload. We are not persuaded. Arnold's own complaint stated that the issue of disproportionate workload had been raised during the grievance proceedings in May 2007. Thus, because Arnold was aware of his

purportedly disproportionate workload at the latest in May 2007, any concealment of his disproportionate workload cannot supply a basis for tolling the statute of limitations. We have considered all of Arnold's remaining equitable tolling arguments and conclude that they are without merit. Thus, the district court properly granted the Union's summary judgment motion.

### 2. **<u>Arnold II</u>**

We affirm the district court's dismissal of the hybrid § 301 claim against the Employer Defendants in <u>Arnold II</u>, although we rely on grounds different from those relied on by the district court. As the district court recognized, the two complaints giving rise to <u>Arnold I</u> and <u>Arnold II</u> were identical for all practical purposes. <u>See</u> <u>Arnold II</u>, 2009 WL 5171736, at *3. Yet, the district court arrived at two inconsistent conclusions as to whether the complaint itself showed the accrual date of the hybrid § 301 claim. In its <u>Arnold I</u> decision, the district court correctly explained that it could not grant the Union's motion to dismiss the hybrid § 301 claim on time-bar grounds because it was "not evident on the face of the complaint when [Arnold] knew, or reasonably should have known, of the union's alleged 'failure to represent [him] fairly.'" <u>Arnold I</u>, 2009 WL 4823906, at *4 (second alteration in original). Then, in its <u>Arnold II</u> decision, the district court explained that it was granting the Employer Defendants' motion to dismiss the hybrid § 301 claim on time-bar grounds because "[t]he complaint makes plain that '[p]laintiff's grievance hearing was held May 24, 2007[.]' . . . Thus, no later than May 24, 2007, [Arnold] knew or reasonably should have known

about Beth Abraham's alleged breach of the CBA."  Arnold II, 2009 WL 5171736, at *3 (second alteration in original).

Notwithstanding this inconsistency, we affirm the dismissal of Arnold II.  Given the circumstances of these parallel actions -- in particular, the order in which the district court decided the cases and the intertwined nature of a hybrid § 301 claim -- the district court could have dismissed sua sponte the hybrid § 301 claim against the Employer Defendants on the basis of issue preclusion.

"The preclusive effect of a federal-court judgment is determined by federal common law" and "is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"  Taylor v. Sturgell, 553 U.S. 880, 891-92 (2008).  Issue preclusion "applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits."  United States v. Hussein, 178 F.3d 125, 129 (2d Cir. 1999) (internal quotation marks omitted).  "These four factors are required but not sufficient.  In addition, a court must satisfy itself that application of the doctrine is fair."  Bear, Stearns & Co. v. 1109580 Ontario, Inc., 409 F.3d 87, 91 (2d Cir. 2005).

Although res judicata is an affirmative defense that must ordinarily be raised in a party's answer or else is waived, a district court may raise the issue sua sponte in appropriate

- 7 -

circumstances.  See Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (per curiam); see also Arizona v. California, 530 U.S. 392, 412 (2000) (recognizing that sua sponte dismissal on res judicata grounds "might be appropriate in special circumstances").

In Arnold II, all four of the requirements for issue preclusion were satisfied.  See Hussein, 178 F.3d at 129.  First, the issues -- Arnold's hybrid § 301 claim and its timeliness -- were identical in both Arnold I and Arnold II because he made the same allegations in both complaints, he was litigating each branch of a single hybrid § 301 claim in each action, and the time-bar analysis is the same for the Union and the Employer Defendants. Second, Arnold and the Union actually litigated the timeliness of the hybrid § 301 claim, and the district court actually decided it. Third, Arnold had a full and fair opportunity to litigate in Arnold I, because Arnold not only litigated the issue but his interests in doing so were identical to his interests in Arnold II as the same timeliness, accrual, and tolling analysis applied to both actions. Fourth, the issue previously litigated was necessary to support a valid and final judgment on the merits because the district court's determination in Arnold I that the hybrid § 301 claim was time-barred was the district court's sole basis for disposing of the hybrid § 301 claim against the Union.  In addition, the circumstances demonstrate that applying issue preclusion in Arnold II would have been fair, given the intertwined nature of a hybrid § 301 claim.  See Bear, Stearns & Co., 409 F.3d at 91.

We have considered all of Arnold's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgments of the district court.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk