11-1051-cv
*Adonna v. Sargent Mfg. Co.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
J. GARVAN MURTHA,
*District Judge.*[*]

_____

FRANK ADONNA,

*Plaintiff-Appellant*,

-v.-                                                        11-1051-cv

SARGENT MANUFACTURING COMPANY, UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA LOCAL 243,

*Defendants-Appellees.*[**]

_____

---

[*] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

[**] The Clerk of Court is respectfully instructed to amend the caption as set forth above.

FOR APPELLANT:        JOHN R. WILLIAMS, New Haven, CT.

FOR APPELLEE Sargent
Manufacturing Company: WARREN L. HOLCOMB (Michael P.
                      Devlin, *on the brief*), Berchem,
                      Moses & Devlin, P.C., Milford, CT.

FOR APPELLEE United
Electrical, Radio and
Machine Workers of
America Local 243:    JAMIE L. MILLS, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Frank Adonna appeals the decision of the United States District Court for the District of Connecticut (Bryant, *J.*), dismissing numerous state law claims Adonna asserted against Defendants-Appellees Sargent Manufacturing Company ("Sargent") and United Electrical, Radio and Machine Workers of America Local 243 (the "Union"). The district court granted Defendants' motion to dismiss the state law claims on the basis that they were preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141, *et seq*. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the district court dismissed the state law claims on the pleadings, we review the district court's decision *de novo*, taking the allegations in the complaint as true and making all reasonable inferences in Adonna's favor. *See Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 270 (2d Cir. 2005). As an initial matter, Adonna explicitly concedes that he has no viable action against the Union. He also explicitly limits his challenge on appeal to only the dismissal of his claims of negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED") against Sargent.

Adonna contends that his two remaining claims are not preempted by the LMRA. Section 301 of the LMRA confers jurisdiction in the federal district courts for "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). The preemptive effect of this section extends to "suit[s] alleging liability in tort." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "[W]here the resolution of a state-law claim depends on an *interpretation* of the [collective bargaining agreement], the claim is pre-empted." *Hawaiian Airlines,*

3

*Inc. v. Norris*, 512 U.S. 246, 261 (1994) (emphasis added). But "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994).

In our view, resolution of certain of Adonna's claims would require more than mere consultation to the collective bargaining agreement ("CBA"). With respect to the elements of NIED under Connecticut law, the determination of whether Sargent's conduct created an unreasonable risk of causing Adonna emotional distress, *see Carrol v. Allstate Ins. Co.*, 815 A.2d 119, 127 (Conn. 2003), depends on the interpretation of several provisions in the CBA. Adonna's complaint alleges that Sargent improperly suspended him, reduced his pay, reassigned him, and placed demands upon him that it did not impose upon other employees. Whether this alleged conduct was in any way wrongful, and thus could create an unreasonable risk of causing Adonna emotional distress, cannot be determined without examining the CBA provisions pertaining to the employer's right to manage,

4

direct, and discipline the workforce, and set employee wages. Because Adonna's NIED claims concerning his supervision, discipline, reassignment, and pay are "inextricably intertwined with consideration of the terms of the labor contract," they are preempted by § 301 of the LMRA. *Allis-Chalmers*, 471 U.S. at 213.

We draw the same conclusion for Adonna's IIED claims concerning this conduct because they rest on the same factual allegations Adonna relies upon to support his NIED claims. Resolution of the IIED claims, including the inquiry into whether the alleged conduct was extreme and outrageous, *see Carrol*, 815 A.2d at 126, requires interpretation of the same CBA provisions discussed above. Because Adonna's state law claims for NIED and IIED based on this conduct are preempted by § 301, the district court's dismissal of those claims was proper. *See Allis-Chalmers*, 471 U.S. at 220; *Anderson v. Aset Corp.*, 416 F.3d 170, 171-72 (2d Cir. 2005).

Adonna also alleges that Sargent placed Adonna in danger by demanding that he enter enclosed tanks to clean out and remove toxic materials. Counsel for Sargent conceded at oral argument that Adonna's NIED and IIED claims

5

concerning this grievance depend not on the CBA but on Connecticut tort law. Even if this concession is correct, and we then concluded that these claims are not preempted by § 301, it is quite clear that Adonna pled no facts indicating that by assigning him this task Sargent engaged in extreme and outrageous conduct or created an unreasonable risk of causing emotional distress. *See Carrol*, 815 A.2d at 126, 127. We therefore affirm the district court's dismissal of these claims on the basis that Adonna failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

We have considered Adonna's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**. Defendants-Appellees are awarded costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6