15-2056-cv
*Spiegel v. Bekowies*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

     At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand sixteen.

PRESENT:    JOHN M. WALKER, JR.,
             JOSÉ A. CABRANES,
                  *Circuit Judges,*
             RICHARD M. BERMAN,
                  *District Judge.**

---

MICHAEL SPIEGEL,

         *Plaintiff-Appellant,*                 15-2056-cv

         v.

ERIN BEKOWIES, ET AL.,

         *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**         Michael Spiegel, *pro se*, New York, New York.

---

    * The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANTS- APPELLEES:**     Kevin Michael Doherty, Greenwald
                                   Doherty LLP, Orangeburg, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 27, 2015 judgment of the District Court is **AFFIRMED**.

Appellant Michael Spiegel, proceeding *pro se*, appeals the May 27, 2015 judgment of the District Court dismissing his claims as preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). For the reasons set forth below, we affirm the judgment of the District Court substantially for the reasons laid out in its May 27, 2015 opinion. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review *de novo* a district court's application of preemption principles." *Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 106 (2d Cir. 2009). Section 301 of the LMRA "provides an especially broad jurisdiction," *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001), and will preempt state law claims "even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim," *Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir. 2003). A state law claim is preempted when its resolution depends on an interpretation of a collective-bargaining agreement, but not merely when "a collective-bargaining agreement will be consulted in the course of state-law litigation." *Wynn*, 273 F.3d at 157 (internal quotation marks omitted).

Upon independent review of the record and relevant law, we conclude that the District Court properly dismissed Spiegel's claims. Spiegel contends that his tortious-interference-with-contract claim is not preempted by the LMRA because he does not allege a breach of the collective-bargaining agreement. Although the complaint itself did not allege breach, the claim was nevertheless preempted. New York law requires a plaintiff to plead breach of contract to state a claim for tortious-interference-with-contract. *See NBT Bancorp Inc. v. Fleet/Norstar Fin. Grp., Inc.*, 87 N.Y.2d 614, 620 (1996) (rejecting the argument that "a defendant's deliberate interference with plaintiff's contractual rights that causes damage should be punishable as tortious interference whether or not the contract was actually breached."). Even if Spiegel had amended his complaint to conform to the requirements of New York law, the complaint would be futile because the claim would still be preempted. We have previously held that the LMRA preempts a claim for tortious interference with a collective-bargaining agreement. *See Anderson v. Aset Corp.*, 416 F.3d 170, 171 (2d Cir. 2005). Accordingly, the District Court correctly dismissed Spiegel's tortious-interference-with-contract claim as preempted by the LMRA.

2

Spiegel's additional claims were properly dismissed as well. Tortious-interference-with-business-relations and tortious-interference-with-prospective-economic-opportunities are the same cause of action under New York law. *See 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015). Neither one can be brought when a plaintiff alleges interference with a relationship that is governed by contract. *See Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 189 (2004); *see also Nicosia v. Bd. of Managers of Weber House Condo.*, 77 A.D.3d 455, 457 (N.Y. 1st Dep't 2010) (ruling that the plaintiff did not state a claim for tortious interference with prospective advantage because he and the defendant "had already entered into a contract."). Since Spiegel's employment with the Hotel Edison was governed by a collective-bargaining agreement, he could not bring these additional and coextensive claims. Therefore, the District Court appropriately dismissed Spiegel's claims.

## CONCLUSION

We have considered all of Spiegel's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk