24-1917-cv
Sullivan v. Gelb

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-five.

PRESENT:   RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
            MYRNA PÉREZ,
                *Circuit Judges*.

------------------------------------------------------------------

MARK SULLIVAN,

    *Plaintiff-Appellant*,

    v.                                                    No. 24-1917-cv

PETER GELB, MARCIA SELLS, STEPHANIE
BASTA, SAMUEL WHEELER,

    *Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT:          MARK SULLIVAN, *pro se*, Stuart, FL

FOR APPELLEES GELB, SELLS, BASTA:          GODFRE O. BLACKMAN (Howard Z. Robbins, *on the brief*), Proskauer Rose LLP, New York, NY

FOR APPELLEE WHEELER:          OLIVIA R. SINGER (Megan Stater Shaw, *on the brief*), Cohen, Weiss and Simon LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant Mark Sullivan, proceeding *pro se*, appeals from an April 26, 2024 judgment of the United States District Court for the Southern District of New York (Woods, *J.*) dismissing his state law claims against Appellees Peter Gelb, Marcia Sells, and Stephanie Basta (collectively, the "Met Appellees") and Appellee Samuel Wheeler, and federal labor law claims against Wheeler. Sullivan also appeals the District Court's order denying his motion for reconsideration. Sullivan was a tenured chorister for the Metropolitan Opera

(the "Met") until he was fired for refusing to comply with the Met's COVID-19 policy and vaccination requirement (the "Policy"). Sullivan alleges that the Policy – which was negotiated and agreed to by the Met and the American Guild of Musical Artists, Sullivan's union – was not properly part of his collective bargaining agreement ("CBA"), and that Wheeler, as an agent for the union, conspired with the Met Appellees to frustrate Sullivan's individual employment contract. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Sullivan argues that the District Court erred in denying his motion to remand to state court, contending that his complaint asserts claims arising only under New York law. A plaintiff ordinarily "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "There does exist, however, an independent corollary to the well-pleaded complaint rule, known as the complete pre-emption doctrine." *Id.* at 393 (quotation marks omitted). The doctrine provides that "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and

3

therefore arises under federal law." *Id.* "[T]he preemptive force of § 301 [of the Labor Management Relations Act (LMRA)] is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 23 (1983) (quoting 29 U.S.C. § 185(a)). "Accordingly, if the state claims put forward by [a] plaintiff[] are preempted by § 301 of the LMRA, the action may properly be removed to the federal courts, even when the plaintiff's complaint does not itself include a federal cause of action." *Foy v. Pratt & Whitney Grp.*, 127 F.3d 229, 232–33 (2d Cir. 1997) (quotation marks omitted).

So whether Sullivan's complaint was properly removed to federal court depends on whether his state-law claims are pre-empted by Section 301.[1]

Sullivan's First Amended Complaint asserts claims for tortious interference with contractual relations, negligent misrepresentation and

---

[1] The District Court also concluded that Sullivan alleged that Wheeler breached the duty of fair representation, a claim arising under the National Labor Relations Act. *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015). Sullivan disavows this claim on appeal. But its inclusion in the operative complaint at the time the case was removed supports the District Court's federal question jurisdiction under 28 U.S.C. § 1441(c). *See Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) ("[W]e generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed.").

4

negligence, fraud, and concerted-action liability. Although Sullivan "formulate[s] [his] complaint as based on state tort law, that formulation is not binding upon us where rights and obligations under the pertinent collective agreement are inextricably involved in the underlying claim." *Dougherty v. Am. Tel. & Tel. Co.*, 902 F.2d 201, 203 (2d Cir. 1990). Section 301 "preempts claims that are 'inextricably intertwined with consideration of the terms of [a] labor contract.'" *Wall v. Constr. & Gen. Laborers' Union, Loc. 230*, 224 F.3d 168, 178 (2d Cir. 2000) (quoting *Allis-Chalmers v. Lueck*, 471 U.S. 202, 213 (1985)). "[W]here the resolution of a state-law claim depends on an *interpretation* of the collective-bargaining agreement, the claim is pre-empted." *Foy*, 127 F.3d at 233 (quotation marks omitted).

With these principles in mind, we conclude that all of Sullivan's state law claims on appeal are preempted.[2] The thrust of Sullivan's argument is that the Appellees lacked authority under the CBA to enact and enforce the Policy. This argument can be assessed only by interpreting the rights of the parties under the CBA.

---

[2] Sullivan also asserted an assault claim against the Met Appellees. The District Court dismissed that claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and Sullivan does not challenge that ruling on appeal.

First, the thrust of Sullivan's claim for tortious interference against the Met Appellees is that promulgating the Policy prevented him from performing under his employment contract and induced the Met to fire him in violation of the CBA. This claim is preempted because evaluating it requires interpreting the CBA. *See Anderson v. Aset Corp.*, 416 F.3d 170, 171–72 (2d Cir. 2005).

Second, Sullivan's negligent misrepresentation claims assert that Appellees Sells's and Gelb's participation in enforcing the Policy "prevent[ed] [Sullivan] from enjoying the benefits of his contract," App'x 115 ¶ 168, and caused the Met "to withhold compensation . . . and to terminate his employment for non-compliance with [the] Policy," App'x 127 ¶ 263. Because the duties that Sullivan alleges Sells and Gelbs violated arise under the CBA, his claims are preempted. Sullivan's negligence claim against the Met Appellees likewise fails because he does not identify any duties outside the CBA that they allegedly violated.

Third, Sullivan's fraud claim alleges that the Appellees "colluded . . . to add an unconscionable covenant" to the CBA, App'x 141 ¶ 363, and then "colluded to enforce" the Policy, *id.* ¶ 365. His concerted-action claim similarly alleges that the Appellees "act[ed] together . . . to create, promote, and enforce" the Policy. App'x 159 ¶ 491. We agree with the District Court that this claim is

6

"premised on the violation of duties in the CBA," *Foy*, 127 F.3d at 235, and that the concerted-action claim is "inextricably intertwined with consideration of the terms of [a] labor contract," *Wall*, 224 F.3d at 178 (quotation marks omitted).

Although Sullivan alleged a duty of fair representation ("DFR") claim against Wheeler, on appeal he explicitly abandons the claim. Appellant's Br. 22. In any case, we conclude that Sullivan's "hybrid" DFR and Section 301 claim is barred by the six-month statute of limitations. *McKee v. Transco Prod., Inc.*, 874 F.2d 83, 86 (2d Cir. 1989); *White v. White Rose Food*, 128 F.3d 110, 114 (2d Cir. 1967). The limitations period began to run no later than October 5, 2022, when Sullivan learned of Wheeler's involvement in the negotiation of the Policy. *See Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 165 (2d Cir. 1989). This suit was not filed until May 17, 2023.

## CONCLUSION

We have considered Sullivan's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7